WICKER, Judge.
This appeal arises from the granting of a partial summary judgment in favor of plaintiff/appellee, Lloyd B. Oriol, and against defendants/appellants, Ducasse Insurance Agency, Inc., and Albert Aparicio, Jr., in the amount of $7,714.74 plus interest, attorney’s fees and costs. We affirm and remand.
Oriol filed suit against the defendants alleging he is the holder of a promissory note in the amount of $106,280.44 executed by Ducasse and Aparicio on July 1, 1986. Oriol further alleges that he became the holder of the note by virtue of his being the shareholder of Oriol Agency, Inc. which dissolved on January 31, 1988. Oriol alleges the defendants are in default since May 1, 1992.
In its answer both Ducasse and Aparicio assert the following affirmative defense:
defendant affirmatively avers and asserts as one or more affirmative defenses the following:
8.
The Oriol Agency, Inc. (the payee of the note sub judice), or plaintiff, owes Ducasse Insurance Agency, Inc. the following amounts:
Eirors and Omissions deductible $5,000.00
10% interest from 11/17/89 1,227.87 +
Attorney’s fees paid 250.25
Insurance premium owed by Lloyd Oriol 403.00
General Accident Commission check belonging to Ducasse Insurance cashed by Lloyd Oriol per General Accident’s records 199.00
$7,080.12
The defendants further alleged in the answer that $698.91 had been tendered to plaintiff but refused. They subsequently reconvened for $7,080.12. In their reeonventional demand they allege the following: Oriol Agency, Inc. was sold to Ducasse by Lloyd B. Oriol and Ducasse had been furnishing Oriol Agency, Inc. with support services since June, 1980. One of these services was that Ducasse included Oriol Agency, Inc. as an insured in Ducasse’s errors and omissions policy.
Oriol Agency, Inc. was the insurer for a defendant in a separate lawsuit. That lawsuit was settled November 15, 1989. Apari-cio, on behalf of Ducasse, did not want to settle the case or assume the liability under the policy for refusal to settle. Thus, Apari-cio agreed to pay the $5,000.00 deductible as Ducasse’s obligation under the terms of the errors and omissions policy. When Ducasse bought Oriol Agency, Inc. June 24, 1987 it did not assume that agency’s liabilities. From November, 1989 letters of the demand for the $5,000.00 were sent to Lloyd B. Oriol.
Ducasse further alleges the basis for its being owed the $5,000.00 from Oriol Agency, Inc. is Section II of the errors and omissions policy which lists Oriol Agency, Inc. as an additional insured. That section states in part:
The Corporation shall not settle any claim without the consent of the Insured. Should the Insured refuse to consent to any settlement recommended by the Corporation and elect to contest the claim, or continue any legal proceedings in connection with such claim, the Corporation’s liability for the claim shall not exceed the amount in excess of the Insured’s deductible for which the claim could have been so settled, or the applicable limit of liability, whichever is less, plus the costs and expenses incurred with its consent up to the date , of such refusal.
The plaintiff, Oriol, filed a motion for summary judgment. In its opposition to the motion Ducasse and Aparicio attach Apari-cio’s affidavit in which he avers that $7,080.12 is owed by the plaintiff. In his reply to the opposition, Oriol contends the defendants have established no defenses to payment of the note. He specifically alleges that set-off or compensation is not appropriate in this case. He alleges that the $5,000.00 claim is *5 disputed and not liquidated, these are separate causes of action. He contends
The trial judge granted a partial summary judgment and the defendants appealed.
The seminal issue in this case is whether the appellants can use the defense of offset to a promissory note to preclude the granting of summary judgment.
On appeal the appellants specify the following errors:
1. The trial court erred as a matter of law in granting appellee/plaintiffs motion for summary judgment where issues of fact remained regarding failure of consideration as a defense to the note at issue, and
2. The trial court erred as a matter of law in granting appellee/plaintiffs partial summary judgment while issues of fact remained regarding set-off/compensation of liquidated debt against the balance due on the note.
In brief, the appellants argue failure of consideration because Oriol breached certain warranties with regard to the settled lawsuit. Failure of consideration as a defense was not presented or alleged below. Instead, the issue presented below, as phrased by appellants’ counsel at the hearing, was:
There is a question of material fact in this case, whether Oriol’s claim on the note had been extinguished in whole or in part by payment of the debt by Ducasse and that plaintiff should not get a summary judgment in this matter.
Accordingly, this specification lacks merit.
At the hearing, counsel for Oriol did not assert Oriol was a holder in due course. Instead, he referred to Oriol’s status as “holder”. He did not argue that set-off/compensation was not a defense against him. Instead he argued the elements for that defense were not met.
In American Bank v. Saxena, 553 So.2d 836 (La.1989) the Louisiana Supreme Court considered suits to enforce five delinquent promissory notes. On a motion for summary judgment the trial judge found there was a material issue of fact precluding the granting of summary judgment. The Supreme Court disagreed. It reversed the judgment denying summary judgment and granted it in favor of the bank for the enforcement of the notes.
In Saxena the defendant pled “the affirmative defenses of compensation, set-off, estop-pel, failure of consideration and error”. Id. at 837. The Saxena case is similar to the case at bar because in Saxena the defendant was asserting unliquidated claims as set-off or compensation.
As in Saxena the plaintiff in the present ease has established his entitlement to recover on the note. The defendants herein have not denied they signed the note, received the business or that the note was in default for the amount sued upon. Thus, as in Saxena at 842 “the [plaintiff] has met [his] initial burden by producing the signed instruments and is entitled to recover unless [the defendants] establis[h] a defense by a preponderance of the evidence.”
The Saxena court explained set-off as follows at 844:
Set-off, or to use the codal term, compensation, takes place by operation of law when two persons owe to each other sums of money and these sums are liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount. C.C. 1893.
“The two debts must be equally liquid. ... [A] liquid debt [is] one whose existence is certain and its quantity determined. A disputed debt is not liquid and cannot be admitted as susceptible of compensation unless the one who asserts compensation has in hand the proof of the existence of the disputed debt and is thus in a position to prove it promptly.” 4 Aubry & Rau, Cours de Droit Civil Francais. s. 326 (6th ed.1965).
A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. Sims v. Hays, 521 So.2d 730, 733 (La.App.2d Cir.1988). Thus, a determination as to the liquidity of a claim is an essential prerequisite to deciding whether such a claim is a proper *6 bastó for a plea of compensation. Lack of sufficient liquidity and demandability -will preclude such a plea. Hartley v. Hartley, 349 So.2d 1258 (La.1977) (husband’s potential claim against community funds could not be used a compensation against wife’s claim for past due alimony).
Civil Code article 1893 must be read in conjunction with the rule providing that a party who asserts that an obligation is null, or that it has been modified or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction. C.C. 1831. Under these rules, the burden of proof is placed on the proponent of the plea of compensation.
The appellants herein argue the $5,000.00 amount is “certainly an ascertainable amount” and arises out of the contract between the parties and not in tort. They argue that Saxena is inapposite since it is based on a different factual situation.
We find Saxena’s analysis of set-off/compensation to be controlling. Furthermore, in Hartley v. Hartley, 349 So.2d 1258 (La.1977) the Louisiana Supreme Court considered an alleged compensation defense in which the argument was that the defendant had a potential contested claim against his wife for community funds. He attempted to use that claim as a set-off against her claim for unpaid alimony. The Supreme Court found that his claim was yet to be determined in a partition and was not a liquidated one.
Similarly, the appellants’ claim for monies allegedly due is a contested claim yet to be determined.
Accordingly, for the reasons stated the judgment granting a partial summary judgment in favor of plaintiff, Lloyd B. Oriol, and against the defendants, Ducasse Insurance Agency, Inc. and Albert Aparicio in the amount of $7,714.74, interest, attorney’s fees and costs is affirmed at appellants’ cost. This matter is remanded for further proceedings in order that the merits of the defendants’ reconventional demand be considered.

AFFIRMED AND REMANDED.