I «CANNELLA, Judge.
In this suit for breach of contract, defendants, David Scheuermann, Jr. (Scheuer-mann) and British American Imports, appeal from a judgment granting exceptions of prescription, abandonment and res judi-cata filed by plaintiff, Bonomolo Limousines, Inc. We reverse in part and affirm in part.
In January or February of 1988, plaintiff delivered a 1977 Rolls Royce limousine to defendants to be sold after refurbishing and repairs. Defendants were in the business of buying and selling imported cars. Plaintiff sought the amount of $24,000 for *209 the vehicle. Sometime thereafter, Joseph Carvallo (Carvallo) signed a purchase agreement for $33,000 for the limousine. However, there were problems with the title and a dispute arose between plaintiff and defendants. Nonetheless, Carvallo took delivery of the limousine in August of 1988. The merchantable title was provided to defendants in June or July of 1989, almost a year later. Plaintiff claims that the delay was due to defendants’ refusal to pay the $24,000. In the meantime, defendants claim that they attempted to sell | sCarvaIlo another vehicle, but that because of the problem with the title, the sale fell through sometime in late November of 1988.
On October 6, 1989, plaintiff filed suit against defendants to recover the $24,000 for the sale of the limousine. On November 13, 1989, defendants filed an answer and claimed damages in the amount of $10,000 as set-off or compensation because of the loss of the second sale.
On July 17, 1990, Scheuermann filed for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C.A. § 727, for discharge of his debts.[1] Plaintiff objected under 11 U.S.C.A. § 523(a)(2)(A). A hearing was held and on February 25,1992, a judgment was rendered against Scheuermann in which the bankruptcy judge determined that the debt which he owed to plaintiff was not dischargeable. The judgment also awarded plaintiff $24,000 for his claim against Scheuermann. That judgment was appealed and affirmed by the U.S. Fifth Circuit Court of Appeals on October 28, 1993.[2] In 1993, Scheuermann filed for Chapter 13 relief and, according to him, the proceedings continued until 1998.
On November 4, 1998, defendants filed a pleading in the original suit, asking for $85,000 in damages, entitled Reconventional Demand in which they alleged again that the conduct of plaintiff in failing to provide merchantable title prior to 1989 caused them to lose the sale of a second vehicle to Carvallo. Plaintiff filed peremptory exceptions of prescription of ten years, res judicata and abandonment under La.C.C.P. art. 561. On April 28, 1999, the trial judge granted the exceptions and dismissed defendants’ claim.
|40n appeal, defendants contend that the trial judge erred in dismissing their claim. They assert that the ten year prescriptive period and five year abandonment period were stayed by both bankruptcy proceedings. Further, they contend that res judi-cata is inapplicable because the bankruptcy court did not address Scheuermann’s claim.
Plaintiff contends that the matter is not appealable and argues that the trial judge correctly granted the exceptions.
APPEAL
The bankruptcy judge rendered a judgment in favor of plaintiff for $24,000 plus legal interest. Plaintiff nevertheless argues that these are interlocutory judgments and are not appealable in the absence of irreparable injury. However, the record fails to disclose what issues remain to be decided in the trial court. Further, plaintiff has failed to specifically indicate what issues have not been decided. In the absence of any indication to the contrary, we find that the judgment granting the exceptions constitutes a final judgment and that the judgment is appealable.
AFFIRMATIVE DEFENSE OR RE-CONVENTIONAL DEMAND
We first address whether the answer filed in 1989 to plaintiffs lawsuit contained a reconventional demand or was simply an affirmative request for set-off or compromise. If defendants filed a reconventional demand as opposed to a claim for set-off or compromise, only the exception of abandonment under La.C.C.P. art. 561 is applicable since the exceptions of res judicata *210 and ten year prescription only apply if the reconventional demand was filed in 1998.
Set-off and compensation are affirmative defenses that take place by operation of law when two persons owe to each other sums of money which are | ¡liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount. La.C.C. art. 1893. ITT Residential Capital Corp. v. Cheuk, 94-744 (La.App. 5th Cir. 5/30/95), 656 So.2d 747, 751.
In Oriol v. Ducasse Ins. Agency, Inc., 626 So.2d 3, 5-6 (La.App. 5th Cir.1993) we stated:
A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. A determination of the liquidity of a claim is an essential prerequisite to deciding whether such a claim is a proper basis for a plea of compensation. Lack of sufficient liquidity and demandability will preclude such a plea.
In this case, the answer filed in 1989 by defendant states:
X.
In or about January, 1988, petitioner placed on consignment with British American Imports, Inc., a Louisiana corporation, a 1977 Rolls Royce, Model SIS, Motor Vehicle Number SRF30262.
XI.
In August, 1988, defendant notified the plaintiff that he had located a purchaser and requested a motor vehicle title to consummate the transaction; that plaintiff did not respond until sometime in October, 1988 at which time he failed to produce a merchantable title.
XII.
Thereafter, defendant on behalf of British American Imports, Inc. repeatedly requested that the plaintiff produce a merchantable title for the subject vehicle described herein above; despite repeated request the defendant failed to produce a merchantable title until sometime in June, 1989.
XIII.
That at the time that the plaintiff consigned the above identified vehicle to British American Imports, Inc., plaintiff also consigned a second vehicle to British American Imports, Inc.; that British American Imports, Inc. entered into an agreement to sell this vehicle to the same party who was interested in purchasing the subject | ¿vehicle identified in the petition; that as a result of the failure of plaintiff to produce a merchantable title to the subject vehicle as described herein above, the prospective purchaser refused to consummate the purchase of the second vehicle; that as a result of the actions of the plaintiff, British American Imports, Inc. has sustained damages in the amount of TEN THOUSAND AND NO/100 ($10,000) DOLLARS.
XIV.
That for the above reasons the claim of plaintiff is subject to a set off or compensation in the amount of TEN THOUSAND AND NO/100 ($10,000) DOLLARS.
WHEREFORE, defendant, David H. Scheuermann, Jr., prays that his answer be deemed good and sufficient; and that, after all legal delays and due proceedings had, there be judgment herein in his favor and against the plaintiff, Bonomolo Limousines, Inc., dismissing its suit at its cost.
The claim here is not for set-off or compensation since the debt alleged is not liquidated and demandable. Defendants’ entitlement to the “set-off’ had yet to be determined by the trial court. Further, there is no mutual liquidated and demandable obligation owed by defendants *211 to plaintiff since the plaintiffs claim in the petition is for damages. Both claims are for damages due to the other’s actions. Plaintiff sought $24,000 for the sale of the limousine and defendants sought $10,000 for the loss of the sale of a second automobile due to plaintiffs conduct in failing to provide merchantable title. Regardless of the language in the prayer, defendants asked the trial court for relief. We find that this was a reconventional demand. See: La.C.C.P. art. 1003 and La.C.C.P. art. 862. Since the demand filed in 1998 asserts that same factual allegations as the 1989 demand, it can only be construed as an amendment. Thus, only the exception of abandonment under La.C.C.P. art. 561 is applicable and the trial judge erred in granting the exceptions of prescription and res judicata.
|7The statute in effect at the time provides that the suit would be abandoned if no action were taken within five years. Defendants contend, however, that if the statute applies, then its effect was suspended by the bankruptcy proceedings filed in 1990 and 1993.
 We agree with plaintiff that the matter was not stayed because, under 11 U.S.C.A § 362, an automatic stay order relates to actions filed against the debtor, not actions filed by the debtor.[3] Ledbetter v. Wheeler, 31,357 (La.App.2nd Cir. 12/9/98), 722 So.2d 382, 384. This includes a reconventional demand. Scarborough v. Duke, 532 So.2d 361, 363 (La.App. 3rd Cir.1988). Since defendants failed to pursue their claim against plaintiff from 1989 until 1998, their claim for damages due to the loss of the second sale because of plaintiffs failure to timely provide merchantable title for the limousine is abandoned. Thus, the trial judge did not err in dismissing the reconventional demand based on La.C.C.P. art. 561.
Accordingly, the judgment granting the peremptory exceptions of prescription and res judicata are hereby reversed. The judgment dismissing the 1 «suit based on the abandonment of the action under La. C.C.P. art. 561 is hereby affirmed.
Costs of this appeal are to be paid by defendants.
REVERSED IN PART; AFFIRMED IN PART.

. He originally filed under Chapter 11, but it was converted to Chapter 7 in August of 1990.

. In Matter of Scheuermann (David), 93-3173 (5th Cir. 10/28/93), 8 F.3d 22.

. 11 U.S.C.A. § 362 provides in part:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of
a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and
(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.
[Emphasis added.]