I «SOL GOTHARD, Judge.
Defendant, Hibernia National Bank, appeals from the granting of summary judgment in favor of plaintiffs, Norman P. Stumpf and Alice C. Stumpf. For the reasons that follow, we affirm the judgment of the trial court.
Stumpf Drugs, Inc. (hereinafter SDI) operated a drug store. In 1996, SDI obtained a commercial loan from defendant Hibernia. To secure the note, SDI pledged its funds on deposit with Hibernia, and a security interest in its inventory and equipment. In addition, plaintiffs personally pledged a CD on deposit at Hibernia and shares of Hibernia stock.
On June 1, 1998, SDI filed for relief under Chapter 11 of the Bankruptcy Code. Pursuant to the bankruptcy code, a debtor in possession (DIP) account was opened with Hibernia and $161,219.24 from the sale of merchandise and inventory was deposited. On August 7, 1998, Hibernia declared SDI to be in default of its loan and demanded payment in full. At that time, in addition to the DIP account, Hibernia was also holding four accounts: # 9692 (savings) for $17,441.59; # 6788 (operating) for $19,924.76; #2275 (credit card) for $1,589.93; and, # 6810 (lottery) for $2,273.36.
I ¡¡On August 12, 1998, the bankruptcy court rendered an order which lifted the automatic stay of 11 U.S.C. § 362, “so as *1135 to permit Hibernia National Bank to enforce its security rights including, but not limited to, the following described property: All inventory, All equipment.” No bank accounts were listed in the order lifting the stay.
On August 24, 1998, the Bankruptcy Court signed an order converting the case from Chapter 11 (reorganization) to Chapter 7 (liquidation) of the Bankruptcy Code. Hibernia thereafter, released accounts # 6788 ($19,924.76) and 6810 ($2,278.36) to the trustee.
On September 23, 1998, Hibernia released the DIP account ($161, 219.24) to the trustee. This action was done at the request of the trustee; however, there was no formal motion and no order was signed by the bankruptcy court.
Thereafter, on October 7, 1998, Hibernia filed a motion to lift the automatic stay and for turnover of funds, naming account numbers 9692, 6788, and 6810. In a supplemental memorandum in support of its motion, Hibernia referred to the DIP account, but did not name that account by number. On December 22, 1998, the bankruptcy court granted the motion in part and allowed turnover of account number 9692 ($17,441.59). - The bankruptcy judgment denied the motion with regard to account numbers 6788 and 6810. The bankruptcy judge found that by the turnover of those funds to the trustee, Hibernia no longer had a security interest, and it became an unsecured creditor.
Hibernia filed a second motion for turnover on September 24, 2000, seeking release of the funds from the DIP account. On June 20, 2000, the bankruptcy court denied this motion. In its reasons for judgment, the bankruptcy court found that this second motion was subject to res judi-cata.
| thereafter, on July 23, 2001, Hibernia seized the funds from the CD pledged by plaintiffs personally. Plaintiffs filed this suit to recover the value of the CD and the stocks pledged, which remain in Hibernia’s possession.
Plaintiffs filed a motion for summary judgment for the return of funds and stock. The trial court granted the motion, and ordered Hibernia to pay to plaintiffs the sum of $41,674.77 with legal interest from July 2, 2001, and to release the shares of stock. In oral reasons, the court stated that “the bank had the opportunity and the right to off set the debt against the principle debtor rather than rely upon the security by a third party.”
The facts are not in dispute in this lawsuit. The plaintiffs contend that, by releasing the funds in the DIP account to the trustee, Hibernia took possession of the collateral and therefore the release constituted full payment of the debt. Thus, once the debt had been satisfied, Hibernia had no recourse against them as surety for the debt.
Set-off and compensation are affirmative defenses that take place by operation of law when two persons owe to each other sums of money which are liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount. La. C.C. art. 1893; Bonomolo Limousines, Inc. v. Scheuermann, 99-832 (La.App. 5 Cir. 12/15/99), 747 So.2d 207.
Pursuant to 11 USC § 553, any right to set-off to which a creditor may be entitled is preserved when a debtor petitions for bankruptcy. In this case, the bank had a right of set-off against SDI’s accounts in its possession. Although the automatic stay provision of 11 USC § 362 prevented defendant from immediately utilizing SDI accounts to offset its debt, defendant could have obtained relief from the stay by petition to the court. Citizens Bank of Maryland v. Strumpf 516 U.S. 16, 116 S.Ct. *1136 286, 138 L.Ed.2d 258 (1995). SDI had more than adequate funds to |Ksatisfy the debt owed. Defendant was not required to turn over the funds on deposit because of a mere request on the part of the bankruptcy trustee, and should have petitioned for offset as provided by the Bankruptcy Code.
Hibernia attempts to distinguish Citizens Bank of Maryland v. Strwmpf, supra, by stating that the debt at issue was not in default at the time SDI filed for bankruptcy, whereas the debtor in the Strwmpf case was in default at the time of the filing of the bankruptcy petition. However, the right to set-off may be asserted in bankruptcy even though one of the debts involved is absolutely owing but not presented due when the petition is filed. Hart v. Hart, 50 B.R. 956 (Bankr.Nev.1985), citing 4 Collier on Bankruptcy para. 558.10[2],
La. C.C. art.3062 provides that:
The modification or amendment of the principal obligation, or the impairment of real security held for it, by the creditor, in any material manner and without the consent of the surety, has the following effects.
An ordinary suretyship is extinguished.
A commercial suretyship is extinguished to the extent the surety is prejudiced by the action of the creditor, unless the principal obligation is one other than for the payment of money,
[[Image here]]
Defendant’s actions in releasing the monies without exercising its right of set-off was an impairment of that security and operated to extinguish the obligations of the surety, plaintiffs herein. Because the surety’s obligation had been extinguished, defendant was in error in seizing the surety’s assets for the satisfaction of this debt.
For the above-discussed reasons, the decision of the trial court granting summary judgment is affirmed. Costs are assessed against appellant.

AFFIRMED.