906 So.2d 604 (2005)
Craig TAYLOR
v.
TIDEWATER, INC. and British Petroleum, Inc.
No. 2004 CA 0132.
Court of Appeal of Louisiana, First Circuit.
February 16, 2005.
Writ Denied May 6, 2005.
Ronna M. Steele, Gretna, Counsel for Plaintiff/Appellee Craig Taylor.
Bobby J. Delise, Alton J. Hall, Jr., Patrick M. Amedee, Metairie, Counsel for Intervenor Delise, Amedee & Hall.
Melissa L. Theriot, Cliffe E. Laborde, III, Lafayette, Counsel for Defendant/Appellant Tidewater, Inc.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
DOWNING, J.
Tidewater, Inc. (Tidewater) appeals a judgment voluntarily dismissing Craig Taylor's personal injury claims without prejudice.[1] Tidewater asserts in its only assignment of error that the trial court abused its discretion in dismissing Taylor's petition because the dismissal may impair Tidewater's substantive right to a trial by jury should Taylor re-file his claims in federal court. For the following reasons, we affirm the judgment of the trial court dismissing Taylor's claims without prejudice.
Comment (b) to La. C.C.P. art. 1671, which governs voluntary dismissal, provides in pertinent part as follows: "After an appearance, the plaintiff's right to dismiss rests within the sound discretion of the court. In this connection it should be noted that if a plaintiff fails to make out his case for lack of sufficient evidence *605 which it appears he will be able to supply later, his rights should be preserved for another occasion by granting a judgment of nonsuit. (Citation omitted.)" Tidewater, however, argues that a trial court may not grant a dismissal after a defendant has answered the petition if substantive rights of the defendant would be lost as a consequence of the dismissal, or if the dismissal would deprive the defendant of a just defense. Tidewater cites Vardaman v. Baker Center, Inc., 96-0831, p. 4 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, 669, in support of this proposition.
In this regard, however, this court has recognized that the injury that would be occasioned by such deprivation of substantial right "`must be of a character that deprives him of some substantive rights concerning his defenses not available in a second suit or that may be endangered by the dismissal[.]'" Betz v. Hearin Tank Lines, Inc., 75 So.2d 356, 360 (La.App. 1 Cir.1954) (quoting 27 C.J.S., Dismissal and Nonsuit § 26, p. 182).[2]
In the matter before us, no evidence was submitted, and Tidewater presents no argument that its defenses might somehow be endangered or unavailable should Taylor re-file his action in federal court. Nor does Tidewater make any argument tending to prove that dismissal without prejudice deprives him of any substantive rights concerning his defenses. Further, we note from argument in the briefs that the matter before us may be moot in that Tidewater appears to have retained its right to a jury trial in a subsequently filed state-court action.
Additionally, Tidewater is arguing a speculative harm. Here, Tidewater has failed to show that any pertinent substantive right would be lost. Rather, its legal arguments at best show the possibility that it might lose a right to trial by jury. "The trial court is given great latitude in deciding discretionary matters, and its decisions will be disturbed only when there has been a clear abuse of discretion." Oliver v. Davis, 95-1841, p. 4 (La.App. 1 Cir. 8/12/96), 679 So.2d 462, 464. We cannot conclude that the trial court clearly abused its discretion in dismissing Taylor's action without prejudice without a showing of likely actual harm.
Tidewater has failed to show actual harm to a substantive right concerning its defenses. Accordingly, Tidewater has failed to prove a clear abuse of discretion. Its assignment of error is without merit.
For the foregoing reasons, we affirm the judgment of the trial court dismissing Taylor's claims without prejudice. Costs of this appeal are assessed to Tidewater.
AFFIRMED.
NOTES
[1] Tidewater filed a motion to rescind the order or dismissal or for a new trial. No hearing was held on this motion, but the trial court heard oral argument. The trial court denied these motions. Tidewater does not appeal this ruling.
[2] The current edition of C.J.S., 27 C.J.S. § 24 (1999) contains a similar discussion.