DOWNING, J.
| gTbe main issue in this appeal is whether the Office of Workers Compensation (OWC) erred in allowing an injured employee to dismiss the remainder of her claims ex parte, without prejudice, after it ruled in her favor in a companion suit and assessed the employer with penalties and attorney fees. The facts are fully set forth in the companion suit. See Nelson v. Windmill Nursery of Louisiana, 04-1941 (La.App. 1 Cir. 9/23/05), 923 So.2d 709, 2005 WL 2323227. Windmill Nursery of Louisiana, L.L.C. (Windmill), also assigns as error to the OWC’s award of penalties and attorney fees via a summary proceeding prior to making a determination on causation. These two issues are addressed in the companion suit, so therefore we pretermit any discussion of them here. For the following reasons we affirm the judgment.
LSA-C.C.P. art. 1671 provides the following, in pertinent part:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff..., if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice. (Emphasis added.)
Comment (b) under this article states that a plaintiffs right to dismiss after defendant’s appearance rests within the trial court’s sound discretion. The trial court is given great latitude in deciding discretionary matters, and its decisions will be disturbed only when there has been a clear abuse of discretion. Oliver v. Davis, 95-1841, p. 4 (La.App. 1 Cir.. 8/12/96), 679 So.2d 462, 465, 464. The right to dismiss is not absolute. The jurisprudence has recognized that a trial court cannot dismiss a suit without prejudice if substantive rights acquired by the defendant would thereby be lost or if the dismissal would deprive the defendant of a just defense. Id. Vardaman v. Baker Center, Inc., 96-0831, p. 4 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, 669 and Taylor v. Tidewater, Inc., 04-0132 (La.App. 1 Cir. 2/16/05), 906 So.2d 604, writ denied 05-0768 (La.5/6/05), 901 So.2d 1105.
Here, Windmill argues that it is prejudiced by this dismissal in that the prior penalties and attorney fee awarded to its employee, Francile Nelson, in the companion suit, now stand without any determination as to whether she has proven causation for a compensable accident and injury. Windmill’s main argument is that since the suit has been dismissed, it now has no vehicle to prove its affirmative defense of misrepresentation regarding this claim, pursuant to LSA-R.S. 23:1208. Windmill contends that this dismissal resulted in its substantive rights being lost because it is now deprived of that affirmative defense.
We disagree. Windmill has failed to show prejudice by Nelson’s dismissal. Windmill has every right to file its own claim for reimbursement of any benefits claimed or payments obtained by Nelson by fraud. LSA-R.S. 23:1310.3 See also Dukes v. Sherwood Acres Apartments, 01-2325 p. 7 (La.11/8/02), 835 So.2d 742, 747.
The misrepresentation statute, LSA-R.S. 23:1208, is broadly worded to encompass any false statement or misrepresentation made to anyone, including the employer, physicians, or insurers, when made willfully or deliberately for the purpose of obtaining benefits. Davis v. AMS Tube Corporation, 02-2427, p. 6 (La.App. 1 Cir. 12/31/03), 868 So.2d 141, 145, writ *717 denied 04-0286 (La.3/26/04), 871 So.2d 354. If Windmill feels that a misrepresentation claim exists, it may pursue the violation and seek reimbursement from the employee pursuant to LSA-R.S. 23:1208 D.
Our companion decision affirming the award of penalties and attorney fees does not decide any issue under this statute.
RWindmill alleges that the OWC erred in dismissing the suit despite its objections and despite its reconventional demand. We note, however, that although certain allegations of misrepresentations were made in Windmill’s answer, the allegations were pleaded as an affirmative defense and in no way constituted a proper reconventional demand. The Louisiana Code of Civil Procedure provides that an incidental demand instituted by the defendant in the principal action may be incorporated in the answer to the principal demand. LSA-C.C.P. art. 1032. But, in this event, the caption shall indicate appropriately the dual character of the combined pleading. LSA-C.C.P. art. 1032. And the mode of procedure, including service, employed in the incidental action, shall be the same as that used in the principal action. LSA-C.C.P. art. 1036. In the record before us there is no evidence that a recon-ventional demand was properly pleaded or served. Therefore, we conclude the OWC did not abuse its discretion in dismissing Nelson’s Disputed Claim Form filing. Accordingly, the first assignment of error is without merit.
DECREE
For the above reasons, the judgment of the OWC is affirmed. The cost of this appeal is assessed against the appellant, Windmill Nursery of Louisiana, L.L.C.
AFFIRMED.