CRAIN, J.
|2The defendants in this workers’ compensation proceeding appeal a judgment dismissing “this matter” and an order denying their motion for leave to file an amended responsive pleading. We amend the judgment of dismissal and, as amended, affirm the judgment. We reverse the order denying leave to the defendants to file an amended responsive pleading, and remand.
FACTS AND PROCEDURAL HISTORY
Delores Joseph instituted this proceeding by filing a claim against Our Lady of the Lake Regional Medical Center (OLOL) alleging an improper termination of her medical benefits. Joseph, who was employed with Ollie Steele Burden Manor, Inc. at the time of the subject accident in 2003, sought to recover penalties and attorney fees for the alleged improper termination of the benefits. OLOL and Ollie Steele filed a responsive pleading captioned “ANSWER” that admitted the occurrence of the work-related accident but denied that Joseph was entitled to any further medical benefits in connection with *212 the accident.[1] The defendants also alleged the following:
Defendants assert that Claimant has violated LSA R.S. 23:1208, and has made intentional misrepresentations in order to obtain worker’s compensation benefits. Defendants are entitled to all remedies available to it for that violation.
The pleading concludes with a prayer that provides, in pertinent part:
Defendants further pray for all recovery available to [them] under LSA. R.S. 23:1208 and further request the imposition of all applicable civil fines and penalties against Claimant in connection with her violation of said provision.
A certificate at the bottom of the pleading indicates that it was mailed to Joseph’s counsel, but the record contains no indication that the pleading was ever served by the sheriff or mailed to the plaintiff by certified mail.
|sThe workers’ compensation judge (WCJ) assigned a trial date and directed each of the parties to file a pre-trial statement that included an itemization of the issues to be adjudicated at the trial. The list of trial issues in the defendants’ pretrial statement includes the question of whether Joseph violated Louisiana Revised Statute 23:Í208 and thus forfeited her right to future benefits, and whether OLOL and Ollie Steele are “entitled to restitution in connection with said violation.” Joseph’s pre-trial statement reflects that her alleged violation of Section 23:1208 is an issue in the case, but her pretrial statement does not mention any claim by the defendants for restitution or penalties based upon that alleged violation.
Counsel for both parties appeared in court on the morning of trial; however, after the WCJ announced the docket, Joseph’s counsel stated, “Your Honor, first, before we get started, I would like to make an oral motion to dismiss with prejudice and walk away from the claim.” Defense counsel replied, “Judge, while we certainly can’t — we would object to dismissal of the case and would also point out that we have a request for relief in our answer, pursuant to our 1208 defense.” After reciting the pertinent allegations in the answer previously reproduced herein, defense counsel stated:
So we actually have a claim for reimbursement, slash, restitution in this case. And so [plaintiffs counsel] may be able to dismiss her client’s claim at this point with prejudice, but we still have a claim that we would like to go forward with.
The WCJ then ruled:
The Court grants the motion to dismiss with prejudice. Although the defendant stated the 1208 defense in its answer, it did not file a reconventional demand setting forth its own cause of action for monetary relief in the way of restitution or costs.
The dismissal is granted with prejudice. The [c]ase is dismissed.
The WCJ signed a judgment ordering “that this matter be dismissed with prejudice.” OLOL and Ollie Steele filed a motion for new trial and, alternatively, a |4motion for leave to file an amended re-conventional demand (collectively, “post-judgment motions”), which the WCJ denied. The defendants appealed the judgment of dismissal and contend that the WCJ erred by not finding that the defendants stated a valid reconventional demand in their answer. The defendants also assign as error the WCJ’s refusal to allow them to amend their responsive pleading.
*213 LAW AND ANALYSIS
Section 23:1208A declares that it “shall be unlawful for any person, for the purpose of obtaining or defeating any benefit or payment under the provisions of this Chapter, either for himself or for any other person, to willfully make a false statement or representation.” A violation of the statute carries significant consequences, including criminal and civil penalties and the forfeiture of compensation benefits. La. R.S. 23:1208C and E. In addition to those penalties, restitution may be ordered for benefits claimed or payments obtained through fraud up to the time the employer became aware of the fraudulent conduct. La. R.S. 23:1208D.
In their first assignment of error, the defendants contend that the WCJ erred “by ruling that OLOL did not state a valid reconventional demand” in their answer for recovery against Joseph under Section 23:1208. In its oral ruling, the WCJ dismissed the “case” based upon its finding that OLOL “did not file a reconventional demand setting forth its own cause of action for monetary relief in the way of restitution or costs.” The WCJ later noted in an order denying the post-judgment motions that the “delays for filing [a] re-conventional demand had expired”; and in the order granting the appeal, the court wrote, “No Reconventional Demand was filed timely.”
The defendants’ answer includes allegations that Joseph violated Section 23:1208, that the defendants are entitled to “all remedies available to [them] for |fithat violation,” and prays for all recovery available under the statute. According to OLOL and Ollie Steele, those claims constitute a valid reconventional demand set forth in their answer in accordance with Louisiana Code of Civil Procedure article 1032, which provides:
An incidental demand shall be commenced by a petition which shall comply with the requirements of Articles 891, 892 and 893. An incidental demand instituted by the defendant in the principal action may be incorporated in his answer to the principal demand. In this event, the caption shall indicate appropriately the dual character of the combined pleading.
Although the WCJ did not identify the basis of its finding that the defendants “did not file a reconventional demand,” Joseph asserts on appeal that the finding is correct because the caption of the defendants’ answer did not indicate the dual character of the combined pleading as required by Article 1032. For support, Joseph relies on Parish of West Feliciana v. Thompson, 08-2155 (La.App. 1 Cir. 3/27/09), 2009 WL 839525, writ denied, 09-1261 (La.9/18/09), 17 So.3d 978, and Nelson v. Windmill Nursery of Louisiana, L.L.C., 04-2717 (La.App. 1 Cir. 9/23/05), 923 So.2d 715, 717. OLOL and Ollie Steele counter that it is well established that a court may overlook the failure to identify a reconven-tional demand in the caption where the other party is not prejudiced, citing Higdon v. Higdon, 385 So.2d 396, 398 (La.App. 1 Cir.1980); Cvitanovich v. Sorli, 347 So.2d 1204, 1206 (La.App. 1 Cir.1977); Bonomolo Limousines, Inc. v. Scheuermann, 99-832 (La.App. 5 Cir. 12/15/99), 747 So.2d 207, 211, writ denied, 00-0444 (La.3/31/00), 759 So.2d 74; and Greene v. Greene, 398 So.2d 59, 63 (La.App. 3 Cir.), writ denied, 405 So.2d 529 (La.1981).[2]
We pretermit consideration of the legal effect of the omission of the phrase *214 “reconventional demand” from the pleading’s caption because the pleading’s ¡(¡alleged nonconformity with the requirements of Article 1032 was not properly before the WCJ at the trial or on Joseph’s motion to dismiss her claim. The alleged failure of the pleading to conform with the requirements of Article 1032, and by reference therein, to Article 891, is an objection that must be raised by the opposing party through a dilatory exception. See La.Code Civ. Pro. art. 926A(4). A court cannot sua sponte raise a dilatory exception. See La.Code Civ. Pro. arts. 921, 926B; Moreno v. Entergy Corporation, 10-2268 (La.2/18/11), 64 So.3d 761, 762. If, as the defendants contend, the claims in their answer are sufficient to constitute a reconventional demand, the pleading must be served on the plaintiff by the sheriff or by certified mail. See La.Code Civ. Pro. arts. 1063, 1314; La. R.S. 23:1310.3B. The record contains no evidence of service in this manner, as the certificate on the face of the pleading confirms only that it was “mailed” to opposing counsel.[3] Unless and until the pleading is served and any necessary exceptions are filed in response thereto, the legal effect of any noncompliance with Article 1032 has not been properly presented to the court for adjudication.
Joseph’s motion to dismiss her claim likewise cannot serve as a basis to dismiss anything more than her claim. Louisiana Code of Civil Procedure article 1671 contains no limitation on a party’s ability to dismiss her claim with prejudice; however, when an incidental demand has been pled prior to the plaintiffs motion, the subsequent dismissal of the principal action “shall not in any way affect the incidental action, which must be tried and decided independently of the principal action.” See La.Code Civ. Proc. art. 1039. Thus, while the WCJ was authorized to dismiss Joseph’s claim with prejudice as she requested, Joseph’s motion did not authorize the WCJ to dismiss any claims asserted by the defendants. The WCJ erred in signing a judgment that dismissed “this matter,” particularly after the court |7was presented with the defendants’ contention that the claims in their answer constituted a recon-ventional demand. Finding the WCJ’s judgment of dismissal to be overly broad, we exercise our authority to render any judgment which is just, legal, and proper upon the record, and amend the November 18; 2013 judgment to limit the dismissal to Joseph’s claims. See La.Code Civ. Pro. art. 2164.[4]
OLOL and Ollie Steele also assign as error the WCJ’s refusal to allow the defendants to amend the pleading, contending that leave of court was either not required or that the WCJ abused its discretion in denying leave because no answer had been filed to their claims. The defen- *215 dants cite Louisiana Code of Civil Procedure article 1151, which provides, in pertinent part, that a “plaintiff may amend his petition without leave of court at any time before the answer thereto is served.” See also La.Code Civ. Pro. art. 1156 (a petition in an incidental action may be amended or supplemented in the manner provided in Article 1151). Article 1151 also provides that a defendant may amend his answer once without leave of court at any time within ten days after it has been served.[5]
Amendment of pleadings should be liberally allowed provided that the mov-ant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial on the issues will not be unduly delayéd. United Teachers of New Orleans v. State Board of Elementary and Secondary Education, 07-0031 (La.App. 1 Cir. 3/26/08), 985 So.2d 184, 199. |sThe legislature has expressly directed that the procedural rules are to be construed liberally with due regard for the fact that these rules are not an end in themselves, but rather implement the substantive law. See La.Code Civ. Pro. art. 5051; Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267, 1270 (La.1981). Liberality is particularly appropriate in the amendment process. Giron, 393 So.2d at 1270; Taylor v. Babin, 08-2063 (La.App. 1 Cir. 5/8/09), 13 So.3d 633, 642, writ denied, 09-1285 (La.9/25/09), 18 So.3d 76. The decision as to whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice. United Teachers of New Orleans, 985 So.2d at 199.
The amendment proposed by OLOL and Ollie Steele sought to modify the caption to include a subtitle of “RECONVENTIONAL DEMAND” and alleged additional facts in support of their claim for recovery under Section 23:1208. The amendment is primarily curative in nature because it sought to resolve the alleged defect in the pleading’s caption that is asserted by Joseph on appeal. Allowance of the amendment will not delay the trial of the Section 23:1208 claims, as those claims had not yet been served or set for trial. Joseph is not prejudiced by the amendment because it does not attempt to raise any new claims against her. Rather, the defendants asserted the same claim for recovery under Section 23:1208 in their original answer and in their pre-trial statement. The injustice to OLOL and Ollie Steele from the denial of leave is evident, as Joseph is asserting on appeal that the pleading, in its current form, is objectionable because it does not comply with Article 1032.
We further note that if Joseph had previously objected to the pleading’s caption in the trial court by successfully pursuing a dilatory exception of nonconformity of the pleading with Articles 1032 and 891, OLOL and Ollie Steele |9would have been afforded an opportunity to remove the objection by an amendment to the pleading. See La.Code Civ. Pro. art. 933A. Given that a party has a right to remove this objection after it has been raised by an opponent in the trial court, we see no basis for preventing a party from removing the objection before it has been raised by an opponent in the trial court. Under these circumstances, the WCJ abused its discretion by refusing to grant leave of court to *216 permit the filing of the amended reconven-tional demand.[6]
CONCLUSION
We amend the November 18, 2013 judgment to provide as follows, and, as amended, affirm the judgment: “IT IS HEREBY ORDERED that the claims of Delores Joseph be dismissed with prejudice.” We reverse the November 18, 2013 order denying the alternative request for leave to file an amended reconventional demand, and we grant leave for the filing of the amended pleading. The case is remanded to the trial court for further proceedings, and all costs of this appeal are assessed to Delores Joseph.
JUDGMENT OF DISMISSAL AMENDED AND AFFIRMED AS AMENDED; ORDER DENYING MOTION FOR LEAVE REVERSED; CASE REMANDED.

. Although OLOL is the only defendant named in Joseph’s claim, both OLOL and Ollie Steele will sometimes be collectively referred to herein as “the defendants.”

. See also Evans v. Ivy, 428 So.2d 886, 889 (La.App. 1 Cir.1983); Jordan v. Jordan, 408 So.2d 952, 955 (La.App. 2 Cir.1981); Harding v. Wattigney, 62 So.2d 190, 196 (La.App.Orleans 1952).

. Under the facts of this case, we do not construe the plaintiff’s limited appearance at trial to dismiss her claim as constituting a waiver of the service requirement. Cf. La.Code Civ. Pro. art. 928A; Blake v. Blake, 478 So.2d 617, 620 (La.App. 2 Cir.1985).

. We recognize that Nelson also involved the granting of a motion to dismiss filed by the plaintiff where the defendant relied upon Section 23:1208. However, it appears that the defendant's answer in Nelson simply asserted Section 23:1208 "as an affirmative defense” to the payment of worker’s compensation benefits and did not expressly include a claim seeking recovery under the statute. See Nelson, 923 So.2d at 717. The court also pointed out that the dismissal was without prejudice and that granting such a dismissal did not prejudice Windmill because it "has every right to file its own claim for reimbursement of any benefits claimed or payments obtained by ... fraud.” Nelson, 923 So.2d at 716. In the present case, OLOL and Ollie Steele set forth claims for recovery of relief under Section 23:1208, and the WCJ dismissed the proceeding with prejudice. We distinguish Nelson on those grounds.

. An answer may be served by regular mail. La. R.S. 23:1310.3B; La.Code Civ. Pro. art. 1313A(1). The certificate on defendants’ answer reflects that it was mailed to opposing counsel on April 11, 2012.

. In light of this ruling, we do not consider the defendants' alternative argument that leave of court was not required to file the amendment under Article 1151.