STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CA 1279

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

VERSUS

ANDRUS RESTORATION, LLC d/b/a
SERVPRO OF GREATER COVINGTON AND MANDEVILLE,
AND SERVPRO INDUSTRIES, INC.

Judgment Rendered: **SEP 2 1 2020**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2018-13705

Honorable William H. Burris, Judge Presiding

* * * * *

| | |
|---|---|
| Lacresha D. Wilkerson<br>Charles E. Riley, IV<br>New Orleans, LA | Attorneys for Plaintiff-Appellant,<br>Allstate Vehicle and Property<br>Insurance Company |
| Troy Allen Broussard<br>Lafayette, LA | Attorneys for Defendant-Appellee,<br>Andrus Restoration, LLC, d/b/a<br>Servpro of Greater Covington and<br>Mandeville, and Servpro Industries,<br>Inc. |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

Plaintiff seeks review of a judgment that sustained defendants' peremptory exception raising the objection of no cause of action and dismissed plaintiff's petition against defendants with prejudice.

## BACKGROUND

Plaintiff, Allstate Vehicle and Property Insurance Company ("Allstate"), brought suit against defendants, Andrus Restoration, LLC, d/b/a Servpro of Greater Covington and Mandeville, and Servpro Industries, Inc. (collectively referred to as "Servpro"). Allstate alleged that Servpro destroyed evidence of the cause and origin of a fire at the house of Allstate's insureds, James and Sandra Valentine, in Mandeville, Louisiana. In the original petition, Allstate alleged that Servpro was negligent in its remediation of the fire-damaged house, and had breached a contract by destroying evidence that would have been useful for Allstate's potential subrogation claim. Servpro responded by filing an exception of no cause of action, which was sustained by the trial court on January 9, 2019. In that judgment, the trial court dismissed the negligent spoliation claim[1], but allowed Allstate thirty days to amend its petition to remove the grounds for objection of no cause of action as to the breach of contract/warranty claim.

No party appealed the January 9, 2019 judgment. However, Allstate timely filed a first supplemental and amended petition for damages. In the amended petition, Allstate repeated the same factual allegations as in the original petition, but eliminated the negligent spoliation claim and attached portions of a July 18, 2012 Professional Services Agreement ("the 2012 contract") between Allstate and Servpro and its service providers. Additionally, Allstate alleged that the provisions

---

[1] In dismissing the negligent spoliation claim, the trial court followed a Louisiana Supreme Court decision, **Reynolds v. Bordelon**, 2014-2362 (La. 6/30/15), 172 So.3d 589, 592. The **Reynolds** decision concluded that there is no tort of negligent spoliation of evidence in Louisiana. However, the supreme court recognized that a plaintiff anticipating litigation can enter into a contract to preserve the evidence and, in the event of a breach, avail itself of contractual remedies. **Id.** at 600.

2

of the 2012 contract were breached in that Servpro had not performed the remediation work in a "good workmanlike manner" as warranted and, further, Servpro had not ensured that its service providers were trained on "how to identify potential subrogation claims." Allstate also alleged that the 2012 contract expressly provided that any disputes about the contract should be construed pursuant to Illinois law.

In response, Servpro filed another exception of no cause of action, alleging that Allstate's amended petition failed to cure the defects found in the original petition in that Allstate had not alleged a connection between the 2012 contract and the work performed by Servpro at the Valentines' home. Servpro also urges that Allstate's breach of contract/warranty claim is merely a negligent spoliation claim in disguise in that there is no allegation that Servpro failed to complete the required training as related to this particular claim. Instead, Servpro maintains that Allstate again alleges that Servpro failed to contact Allstate to ensure that the origin and cause of the fire investigation at the Valentines' home was completed before destroying relevant evidence during remediation efforts. Servpro points out that the allegations made by Allstate have nothing to do with Allstate's claim that Servpro breached the 2012 contract by failing to train its service providers on how to identify subrogation claims. Further, Servpro argued that Allstate did not show any contractual provision concerning a duty to preserve evidence that would support a potential subrogation claim by Allstate against an unrelated third party.

Allstate opposed the second exception of no cause of action, and the matter was argued on May 1, 2019. The trial court signed a judgment on June 5, 2019, sustaining Servpro's exception of no cause of action as to Allstate's breach of contract/warranty claims and dismissed Allstate's first supplemental and amended petition with prejudice. The trial court issued written reasons for judgment on June 26, 2019, concluding that Allstate's amended petition had failed to allege that the

3

work performed by Servpro at the Valentines' home was governed under the provisions of the 2012 contract or that the contract had been breached. The trial court further reasoned that in order to have a breach of contract claim under either Illinois or Louisiana law, there must be some allegation that the contract governs the actions or inactions alleged to have breached the contract.

Allstate appeals, assigning three errors that in sum maintain that the trial court erred: (1) in sustaining Servpro's exception of no cause of action; (2) in not applying Illinois law; and (3) in not allowing Allstate to amend its petition again when Servpro would not be unduly prejudiced by another amendment.

## DISCUSSION

Initially, we observe that Allstate and Servpro both acknowledge that under either Illinois or Louisiana law, the elements of a breach of contract claim are essentially the same. The trial court specifically found that it would have reached the same conclusion under either of the states' laws. We find no error in the trial court's remark; thus, it is not necessary to further analyze the choice of law clause in the 2012 contract.[2]

A peremptory exception raising the exception of no cause of action tests the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged. **Naquin v. Bollinger Shipyards, Inc.**, 2013-1638 (La. App. 1st Cir. 5/2/14), 147 So.3d 207, 209, writ denied, 2014-1091 (La. 9/12/14), 148 So.3d

---

[2] We note that under Louisiana law, it is generally acceptable for contracting parties to make a choice of state law that will govern the agreement between them, and that choice will be given effect except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable. See **O'Hara v. Globus Medical, Inc.**, 2014-1436 (La. App. 1st Cir. 8/12/15), 181 So.3d 69, 80, writ denied, 2015-1944 (La. 11/30/15), 182 So.3d 939. As for breach of contract claims in Louisiana, the elements include proof that an obligation was owed, the defendant did not perform the obligation, and the failure to perform the obligation caused damage to the plaintiff. See **Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC**, 2014-2592 (La. 12/8/15), 193 So.3d 1110, 1115. In Illinois, a breach of contract claim requires proof of the existence of a contract, the plaintiff's performance of all contractual conditions, the defendant's breach of that contract, and consequential damages. See **Unterschuetz v. City of Chicago**, 346 Ill.App.3d 65, 68-69, 803 N.E.2d 988, 991 (1st Dist. 2004). The law of both states is essentially the same.

933. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ. P. art. 931. Rather, the exception is triable solely on the face of the petition and any attached documents. **Paulsell v. State, Dept. of Transp. and Development**, 2012-0396 (La. App. 1st Cir. 12/28/12), 112 So.3d 856, 864, writ denied, 2013-0274 (La. 3/15/13), 109 So.3d 386.

The well-pleaded facts in the petition must be accepted as true for purposes of resolving the issues raised by the exception of no cause of action. **Reynolds v. Bordelon**, 2014-2362 (La. 6/30/15), 172 So.3d 589, 594-95. Therefore, the court reviews the petition and accepts well-pleaded allegations of fact as true, and the issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. **CLB61, Inc. v. Home Oil Company, LLC**, 2017-0557 (La. App. 1st Cir. 11/1/17), 233 So.3d 656, 660. The exception should be sustained only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. **State of Louisiana, by & through Caldwell v. Astra Zeneca AB**, 2016-1073 (La. App. 1st Cir. 4/11/18), 249 So.3d 38, 42 (en banc), writs denied, 2018-00766 and 2018-0758 (La. 9/21/18), 252 So.3d 899 and 904.

Because the objection of no cause of action raises a question of law and the trial court's decision is based solely on the sufficiency of the petition, review of the trial court's ruling on the exception is *de novo*. **Scheffler v. Adams and Reese, LLP**, 2006-1774 (La. 2/22/07), 950 So.2d 641, 647. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved

in the plaintiff's favor, the petition states any valid cause of action for relief. **Reynolds,** 172 So.3d at 595.

Servpro contends that Allstate's amended petition does not allege any specific actions of Servpro at the Valentines' house that breached the 2012 contract. Further, Allstate does not allege it has a contract with Servpro that expressly requires Servpro to preserve evidence for a potential subrogration claim previously determined by Allstate against an unrelated third party. Accepting all of Allstate's factual allegations as true – that Servpro and Allstate had an agreement that Servpro would perform remediation work in a good workmanlike manner, and that Servpro would train its service providers on how to identify potential subrogration claims – we do not find any allegation that Servpro breached a contractual obligation that led to Allstate's alleged damages in this particular case. There is no allegation that Allstate anticipated subrogation litigation connected with the fire at the Valentines' house and then entered into a contract with Servpro that expressly required Servpro to preserve the evidence necessary to support Allstate's potential subrogation claim against a third party. There is no allegation that Servpro did not properly train its service providers in preserving evidence for potential subrogation litigation, nor that it was contractually bound to do so. Thus, we find no error in the trial court's legal conclusion that Allstate's amended petition failed to state a breach of contract cause of action against Servpro.

Finally, concerning the trial court's dismissal of Allstate's amended petition with prejudice, without allowing an additional opportunity for amendment of the petition, we rely on the provisions of La. Code Civ. P. art. 934. In this case, the initial amendment allowed by the trial court in response to the first exception of no cause of action fulfilled the requirements of Article 934. **Wilkins v. Hogan Drilling Co., Inc.,** 424 So.2d 420, 423 (La. App. 2d Cir. 1982). The first exception of no cause of action was obviously well founded for the same reasons that the second

6

exception of no cause of action is well founded. Allowing further amendments by Allstate at this point would merely be an invitation to engage in speculative pleading. Because the decision whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, we will not disturb that ruling on appeal since no abuse of discretion has been shown. See **Joseph v. Our Lady of the Lake Regional Medical Center**, 2014-0181 (La. App. 1st Cir. 10/16/14), 156 So.3d 210, 215.

## CONCLUSION

For the stated reasons, we affirm the June 5, 2019 judgment sustaining Servpro's peremptory exception of no cause of action as to Allstate's first supplemental and amended petition for damages and dismissing Allstate's breach of contract/warranty claims with prejudice. All costs of this appeal are assessed to Allstate Vehicle and Property Insurance Company.

**AFFIRMED.**

ALLSTATE VEHICLE AND                    NUMBER 2019 CA 1279
PROPERTY INSURANCE COMPANY

VERSUS                                  COURT OF APPEAL

ANDRUS RESTORATION, LLC d/b/a           FIRST CIRCUIT
SERVPRO OF GREATER COVINGTON
AND MANDEVILLE, AND                     STATE OF LOUISIANA
SERVPRO INDUSTRIES, INC.

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

LANIER, J., DISSENTS AND ASSIGNS REASONS.

I respectfully dissent. Unlike other exceptions, motions for summary judgment, or trials, the peremptory exception raising the objection of no cause of action must be determined from the well-pleaded facts in the petition, which must be accepted as true. La. Code Civ. P. arts 927 and 931; **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.**, 616 So.2d 1234, 1235 (La. 1993). When a petition is read to determine whether a cause of action has been stated, it must be interpreted, if possible, to maintain the cause of action instead of dismissing the petition. Any reasonable doubt concerning the sufficiency of the petition must be resolved in favor of finding that a cause of action has been stated. **Baca v. Sabine River Authority**, 2018-1046 (La. App. 1 Cir. 12/27/18), 271 So.3d 223, 227, writ denied, 2019-0149 (La. 3/18/19), 267 So.3d 95.

No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ. P. art. 931. Rather, the exception is triable solely on the face of the petition and any attached documents. **Tracer Security Services, Inc. v. Ledet**, 2018-0269 (La. App. 1 Cir. 9/24/18), 259 So.3d 353, 355. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. **CLB61, Inc. v. Home Oil Company, LLC**, 2017-0557 (La. App. 1 Cir. 11/1/17), 233 So.3d 656, 660. The exception should be granted only when it appears beyond doubt that the plaintiff can

1

prove no set of facts in support of any claim that would entitle him to relief. **Badeaux v. Southwest Computer Bureau, Inc.**, 2005-0612 (La. 3/17/06), 929 So.2d 1211, 1217. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. **Everything on Wheels Subaru, Inc.**, 616 So.2d at 1236.

In its amended petition against Andrus Restoration, LLC, d/b/a Servpro of Greater Covington and Mandeville, and Servpro Industries, Inc., Allstate alleges that "On or about July 18, 2012, Allstate and [Servpro] entered into a Professional Services Agreement ("Agreement") in which Servpro agreed to provide independently owned and operated representatives to complete loss mitigation work." Allstate attached pertinent portions of the Agreement to its amended petition, along with a document entitled "Property Loss Subrogation: A One-Day Course Designed for Property Claims Professionals."

Section 8 of the Agreement provides that Servpro "warrants that all Services provided hereunder will be performed in a good workmanlike manner, with that standard of care, skill, and diligence normally provided by a similar professional in the performance of similar services in accordance with applicable specifications and industry standards." Moreover, Schedule 1, Section 7 of the Agreement provides as follows: "[Servpro] shall require all Service Providers performing Services on Allstate assignments to complete training on how to identify potential subrogation claims. Claims Training Services through William Stewart Associates, Inc. is acceptable." The description of the "Property Loss Subrogation" course reveals that "Recognition of subrogation opportunities" and "Preservation of evidence" are listed among the topics covered.

From a reading of the amended petition, Allstate alleges (which allegations must be accepted as true for the purposes of this exception) that Servpro "breached the standard of care, skill and diligence of a similar professional in the performance

2

of similar services by failing to do their job in a workmanlike manner, thus breaching the terms of the Agreement and causing Allstate damages," and that Servpro was "clearly and unambiguously aware of a potential subrogation claim in this matter" and "breached the Agreement by failing to comply with Schedule 1, Section 7 of the Agreement, failing to identify a potential subrogation claim, causing Allstate damages." While other evidence may dispute these claims, such evidence cannot be considered in a peremptory exception raising the objection of no cause of action. Other procedural methods are available for Servpro to attempt to resolve this issue prior to trial. Reading the amended petition in a light most favorable to maintaining the cause of action, I find that the trial court erred in granting the peremptory exception raising the objection of no cause of action. Therefore, I respectfully dissent.