472 So.2d 251 (1985)
Shirley BESSIE
v.
K-MART APPAREL FASHIONS CORPORATION, et als.
No. CA 84 0696.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*253 Otha C. Nelson Sr., Baton Rouge, for plaintiff-appellant Shirley Lee Bessie.
Mary H. Thompson, Baton Rouge, for defendant-appellee K-Mart Corp.
Samuel Dickens, Baton Rouge, for defendants-appellees Loris Stewart & Joyce Rattle.
Loris Stewart in pro. per.
Joyce Rattle in pro. per.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
LOTTINGER, Judge.
This appeal arises from a suit by Shirley Bessie for damages arising from alleged malicious prosecution and arrest of Ms. Bessie, as well as defamation of her character. Named as defendants are K-Mart Apparel Fashions Corporation (K-Mart), Joyce Rattle, and Lois Stewart. Ms. Bessie appeals the granting of a directed verdict in favor of K-Mart, and the granting of remittitur and reduction of damages in favor of defendants Rattle and Stewart.

FACTS
On February 11, 1982, Shirley Bessie, plaintiff, was arrested at a K-Mart's department store for suspicion of shoplifting. The arrest took place as she attempted to remove merchandise from the store under the guise of a discharged layaway. The merchandise was in a package to which was stapled a layaway ticket in the name of a person not involved in the present suit. The person whose name was on the layaway ticket had previously paid for and removed the items which she had on layaway. In addition, the number of goods in plaintiff's "layaway" package were different from and exceeded the goods listed on the attached ticket.
The discrepancies were noticed by K-Mart personnel as plaintiff attempted to leave the store, and plaintiff was detained and later arrested. After the arrest, plaintiff was handcuffed, taken to the police station, booked and released on bond. Thereafter, plaintiff made three court appearances, and was formally charged with receiving stolen things, but the charges were later dismissed, and she was never brought to trial.
The facts surrounding the layaway and what happened inside the K-Mart are in dispute, with plaintiff and defendants rendering contrasting versions. However, it is undisputed that plaintiff and defendant Rattle were long time friends, worked together, and rode to work together in Ms. Rattle's automobile. Also, defendants Rattle and Stewart are sisters.
According to plaintiff, she and Ms. Rattle were on their way to work that morning when Ms. Rattle told plaintiff that she had some merchandise on layaway at K-Mart which she had to remove that morning. Unable to locate a parking space at the K-Mart, Ms. Rattle allegedly gave plaintiff $24 to pay for and remove the layaway on her behalf. Plaintiff further testified that Ms. Rattle remained in the car while she entered the store and proceeded to the layaway department, where she paid the clerk, defendant Stewart, who gave plaintiff Ms. Rattle's merchandise. Stapled to the package was the layaway receipt. As she attempted to exit the store, plaintiff was detained, and later arrested.
Defendant Rattle, on the other hand, testified that it was plaintiff who wanted to stop at K-Mart, because she had to "get something" from the store. Ms. Rattle parked the car and waited while plaintiff was inside the store. Ms. Rattle also testified that she gave no money to plaintiff, *254 and that she had no merchandise on layaway at the time. After waiting for a substantial period of time, Ms. Rattle proceeded to work without plaintiff.
Defendant Stewart, the layaway clerk and sister of Ms. Rattle, testified that plaintiff and herself had conceived a scheme whereby she would "give" some merchandise to plaintiff under the guise of a layaway, and plaintiff would "sneak" the merchandise out of the store. The scheme was planned in advance and Ms. Stewart was expecting plaintiff to come to the store to implement the scheme. Furthermore, plaintiff did not give her any money for the merchandise, as this was an attempt to steal merchandise from the store.
Based on the above, plaintiff filed suit alleging that she suffered damages to her reputation, as well as certain pain and mental anguish, amongst other things, because of being falsely arrested, handcuffed and embarrassed in front of others.
The case went to trial and defendant K-Mart successfully obtained a directed verdict after the close of plaintiff's case. The remaining defendants adopted the testimony elicited during plaintiff's case in chief, and the jury returned a verdict in favor of plaintiff, assessing damages at $10,000. Upon motion of the remaining defendants, the trial judge granted a remittitur, reducing the award to $1000. In the meantime, plaintiff unsuccessfully moved for a new trial as to K-Mart.
Thereafter, plaintiff appealed, assigning the following as errors by the trial court:
(1) in granting the directed verdict in favor of K-Mart;
(2) in granting a remittitur in favor of defendants Rattle and Stewart, and reducing the award to $1,000; and
(3) in denying to grant plaintiff a new trial as to K-Mart.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
Plaintiff first alleges as error the granting of the directed verdict, in that she had established a case of false arrest and defamation against K-Mart, as well as K-Mart's vicarious liability for the tortious acts of its employee, defendant Stewart.
The standard to be used in determining whether to grant a directed verdict is whether, after viewing all of the evidence presented, and resolving all inferences in favor of the opposing party, reasonable men could not arrive at a verdict for the non-mover. La.Code Civ.P. art. 1810; Gunter v. Plauche, 399 So.2d 727 (La.App. 1st Cir.1981).
The elements of the tort of malicious prosecution are as follows: (1) commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to plaintiff. O'Conner v. Hammond Police Department, 439 So.2d 558 (La.App. 1st Cir.1983).
Malice exists where the charge is made with knowledge that it is false or with reckless disregard for whether it is false or not. id. Based on the record and the facts as set forth above, we conclude that K-Mart acted reasonably and without malice in having plaintiff arrested and formally charged with a criminal offense. Plaintiff did not meet her burden of proof.
Defamation requires false, defamatory communications which are publicized and made with malice. Cangelosi v. Schwegmann Brothers Giant Supermarket, 390 So.2d 196 (La.1980). Plaintiff did not establish this at trial and failed to meet her burden of proof.
Plaintiff also contends that K-Mart should be held vicariously liable for the actions of Ms. Stewart, who was ultimately cast in judgment. An employer is liable for the acts of its employees if the employee, at the time of the tort, is acting within the course and scope of his or her employment. *255 La.Civ.Code art. 2320; LaBrane v. Lewis, 292 So.2d 216 (La.1974).
While we are aware that the mere fact that an employee violates his employer's express orders or policies is not conclusive of the issue of course and scope of employment, we are unable to conclude that an employee who is participating in a scheme to steal goods from her employer is within the course and scope of her employment. There is no rational connection in time, place or causation to hold the employer vicariously liable in this case. See LeBrane v. Lewis, supra.
Based on the above, we conclude that the trial judge was not in error in granting K-Mart a directed verdict.
As to plaintiff's motion for a new trial, plaintiff contends that a new trial was mandated in that the directed verdict was contrary to the law and evidence and that she discovered evidence after trial which would have changed the outcome of K-Mart's directed verdict. See La.Code Civ.P. art. 1972.
As set forth above, the directed verdict was proper under the law and evidence in this case. As to the newly discovered evidence, the evidence which plaintiff discovered subsequent to the directed verdict was a number of inconsistencies in the depositions of defendants Rattle and Stewart and their testimony which was elicited at trial after the granting of the directed verdict. The evidence was available to plaintiff prior to the directed verdict, and was made part of the record after the judgment in favor of K-Mart.
Before a new trial will be granted on the grounds of newly discovered evidence, the mover must establish that the new evidence was important to his cause and that the evidence could not have been previously discovered with the exercise of due diligence. La.Code Civ.P. art. 1972. Plaintiff has not established either, and as such, the trial judge was not in error.

ASSIGNMENT OF ERROR NO. 2
Plaintiff next complains of the remittitur and reduction of the award against defendants Rattle and Stewart.
Article 1814 of the Louisiana Code of Civil Procedure provides that a remittitur is an alternative to a new trial and is granted only where the verdict is so excessive that a new trial would be warranted for that reason alone. A remittitur is contingent on the consent of the plaintiff, and if he or she does not consent to the reduction, he submits to a new trial.
In the instant case there is nothing in the record to indicate that plaintiff consented to the remittitur. Presumably, the trial judge was well aware of this consent requirement and reduced the judgment only after obtaining the consent of plaintiff. The alternative was a new trial, which was not ordered. Also, plaintiff does not complain of any reduction of damages against her consent.
If the trial judge was in error and did not require plaintiff's consent, the alternative was to order a new trial. Since the only issue of the new trial would have been quantum, we can decide the issue on the record before us. Gonzales v. Xerox Corporation, 320 So.2d 163 (La.1975).
Based on the record, we conclude that $1000 was within the trial judge's discretion. Plaintiff has established some embarrassment and inconvenience caused, as found by the jury, by defendants Rattle and Stewart. However, plaintiff has not, as alleged in her petition, established any connection between the actions of the defendants and the loss of her employment. Rather, the record establishes that plaintiff's employment was terminated due to her failure to report to work on the day of her arrest, as well as the following day.
For the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant's costs.
AFFIRMED.