STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1008


JAMES RONALD SAVOIE, ET AL.

VERSUS

ROMEL CHARLES, ET AL.


************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 84,791
HONORABLE HERMAN CLAUSE, DISTRICT JUDGE

************

PHYLLIS M. KEATY
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.


AFFIRMED.


Thomas K. Regan
Attorney at Law
Post Office Box 688
Crowley, Louisiana  70527-0688
(337) 783-7141
Counsel for Defendants/Appellees:
        Thomas K. Regan
        Cajun Environmental Services, Inc.

C. Luke Edwards
Attorney at Law
Post Office Box 3483
Lafayette, Louisiana  70502
(337) 233-9995
Counsel for Plaintiffs/Appellants:
        James Ronald Savoie
        Sandra Savoie

**Jermaine D. Williams**
**Carolyn D. Deal**
**Attorneys at Law**
**108 West Congress Street**
**Lafayette, Louisiana 70501**
**(337) 235-3989**
**Counsel for Defendant/Appellee:**
          **Romel Charles**

**Paul Ivan Guillory, Sr.**
**Post Office Box 269**
**Church Point, Louisiana 70525**
**Defendant - In Proper Person**

**Terry L. Lacombe**
**Post Office Box 132**
**Egan, Louisiana 70531**
**Defendant - In Proper Person**

**KEATY, Judge.**

Plaintiffs, James Ronald Savoie and Sandra Savoie, appeal a judgment of the trial court granting an exception of no cause of action filed by Defendant, Thomas K. Regan, and dismissing Plaintiffs' suit against him. Finding no error in the trial court's judgment, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 24, 2006, Plaintiffs filed a Petition for Damages (the petition) in the Fifteenth Judicial District Court, Parish of Acadia, naming as defendants Mr. Regan, Romel Charles, Ivan Guillory, Terry Lacombe, and Cajun Environmental Services, Inc. (Cajun).[1] The petition alleged that:

> In November of 2004, Petitioners purchased forty-eight (48) ten yard containers, six (6) thirty yard containers, those particularly bearing serial numbers 10642, 10543, 10644, 10645, 9815, 10012, and six (6) forty yard containers, as well as the rights to use two tractors, more particularly identified as a 1986 Mac Truck bearing VIN 1M2P140CGA013658, and a 1990 Peterbuilt Truck bearing VIN 9DWST7G39LC013000.

The bill of sale evidencing the above transaction was attached to the petition as Exhibit A. The seller listed on the bill of sale was Rolloff Containers, L.L.C. (Rolloff). Although the seller's signature is illegible, Plaintiffs explained in their brief to this court that Mr. Savoie entered into the bill of sale with Mr. Guillory on November 12, 2004, so we will assume that Mr. Guillory signed the bill of sale on behalf of Rolloff. The sale price for the containers was listed as $45,000. With regard to the two trucks, the bill of sale provided that Rolloff agreed to rent them to Mr. Savoie for one year from the date the contract was signed for the sum of "$0.00" per month.

---

[1] The petition alleged that Mr. Regan and Mr. Lacombe were the owners of Cajun; however, it failed to disclose any further information about the remaining defendants.

1

Plaintiffs alleged that, subsequent to the time the bill of sale was signed, Mr. Charles attempted to purchase the same property from Mr. Guillory. According to the petition,

> [a] meeting was held between Romel Charles, Ivan Guillory, and James Savoie, wherein it was demand [sic] that Mr. Savoie relinquish his rights or pay rental income to Romel Charles even though he had never perfected the sale and despite Mr. Savoie's rights not being compromised by any subsequent sale of which all parties were aware.

Plaintiffs further alleged that Mr. Charles "subsequently stole" four of the six thirty-yard containers that they owned. Next, Plaintiffs alleged that Mr. Regan and Mr. Lacombe later approached Mr. Savoie about purchasing his equipment and the rights to the Mac and Peterbuilt trucks but that when Mr. Savoie "did not accept the purchase offer made by Mr. Regan on behalf of Cajun Environmental Services, Inc., Mr. Regan, in his capacity as an attorney, filed a Petition requesting the issuance [of] a Writ of Sequestration." Plaintiffs attached as Exhibit B to their petition copies of the Petition for Recovery of Vehicles and Sequestration (the Sequestration Suit) filed by Cajun in the Fifteenth Judicial District Court, Parish of Acadia, on August 8, 2005, against Mr. Savoie and JPS Containers, L.L.C. (JPS),[2] along with the Notice of Seizure of the Mac and Peterbuilt trucks. According to Plaintiffs, "Mr. Regan omitted in his petition for Sequestration that he was aware of Mr. Savoie having the rights to the use of the two subject vehicles" even though "all parties, including Mr. Regan, personally knew that the vehicles were encumbered by the rental agreement as outlined in the Bill of Sale."

In the petition filed in this matter, Plaintiffs claimed that as a result of the theft by Mr. Charles and the fraudulent and/or wrongful seizure of the Mac and Peterbuilt

---

[2]The Sequestration Suit does not disclose the relationship, if any, between Mr. Savoie and JPS; it simply alleged that Mr. Savoie and JPS were in possession of the trucks owned by Cajun.

2

trucks by Cajun, Mr. Regan, and Mr. Lacombe, they sustained damages including financial distress, loss of income, loss of good will, loss of contractual relations, embarrassment, inconvenience, and emotional and mental distress.

Mr. Regan filed a peremptory exception of no cause of action in this matter on November 30, 2007. Therein, Mr. Regan claimed that although the Plaintiffs' petition named him as a defendant and alleged that he had filed a petition "in his capacity as an attorney" on behalf of Cajun, the petition "states no causes of action against him and makes no factual allegation which supports a blame [sic] or cause of action against him." Mr. Regan further contended that Plaintiffs' petition was filed as a separate claim for damages which cannot be filed absent a determination by the court in the Sequestration Suit.

Plaintiffs filed a second supplemental and amending petition for damages on March 7, 2008.[3] The only changes made therein applicable to Mr. Regan were that paragraph one of the petition was amended to name him as a defendant both "individually, and is his representative capacity of Cajun," and to eliminate the language in paragraph nine to the effect that Mr. Regan had filed the Sequestration Suit "in his capacity as an attorney."

After being reset several times for various reasons, the exception was scheduled for hearing on April 19, 2010. On April 5, 2010, counsel for Plaintiffs filed a notice of conflict into the record indicating that he had a conflict with the hearing date of the exception due to a previously set motion in St. Landry Parish. The

---

[3]Plaintiffs state in their appellate brief that a first supplemental and amending petition "was filed relative to incidental matters not related to the exception filed on behalf of Mr. Regan." Moreover, we note that although Plaintiffs filed a copy of a first supplemental and amending petition for damages with the trial court by facsimile transmission on January 22, 2008, according to the appeal record, no original pleading bearing that title was ever filed into the record. Accordingly, that facsimile filing is deemed to have no force or effect. *See* La.R.S. 13:850. The second supplemental and amending petition was properly filed and is contained in the appeal record.

notice did not contain an order requesting that the hearing on the exception be reset.

According to the transcript of the April 19, 2010 hearing, Mr. Regan appeared in

proper person and, although counsel for Plaintiffs was not present, he faxed a letter

to the trial court indicating that he agreed to submit the matter on written briefs.[4]

After brief argument, the trial court indicated that it would grant the exception filed

by Mr. Regan. Written judgment was rendered later that day granting Mr. Regan's

exception of no cause of action and dismissing Plaintiffs' suit against him, personally,

at their cost.

Plaintiffs timely appealed and are before this court assigning the following

errors:

1.  The [Trial] Court erred as a matter of law in sustaining the Exception of No Cause of Action filed on behalf of Mr. Thomas Regan.

2.  The Trial Court erred in ruling that an attorney is somehow immune from responsibility for damages when that attorney misrepresents or omits facts to a Judge resulting in damages.

3.  Regardless, the Trial Court erred in sustaining the peremptory exception no cause of action without ordering an amendment of the pleadings when the amendment could have remedied the peremptory exception as provided for by La.Code Civ.P. art. 934.

## DISCUSSION

Our supreme court discussed the exception of no cause of action in *Wright v.*

*Louisiana Power & Light*, 06-1181, pp. 14-15 (La. 3/9/07), 951 So.2d 1058, 1068-69

(quoting *Ramey v. DeCaire*, 03-1299, pp. 7-8 (La. 3/19/04), 869 So.2d 114, 118-19):

---

[4]Although a copy of Plaintiffs' memorandum in opposition to Mr. Regan's exception of no cause of action is attached to Mr. Regan's appellate brief, the record on appeal does not contain any memoranda in support of or in opposition to the exception. Because courts of appeal are courts of record, we have no authority to consider Plaintiffs' memorandum. *See Murray v. Town of Mansura*, 06–355 (La.App. 3 Cir. 9/27/06), 940 So.2d 832, *writ denied*, 06-2949 (La. 2/16/07), 949 So.2d 419, *cert. denied*, 552 U.S. 915, 128 S.Ct. 270, 169 L.Ed.2d 197 (2007). This fact is of no moment, however, because an exception of no cause of action is to be decided on the face of the petition. *See Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127.

A cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1238 (La.1993). The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition, which is done by determining whether the law affords a remedy on the facts alleged in the pleading. *Id.* at 1235. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. *Jackson v. State ex rel. Dept. of Corrections*, 00-2882, p. 3 (La.5/15/01), 785 So.2d 803, 806; *Everything on Wheels Subaru*, 616 So.2d at 1235. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Montalvo v. Sondes*, 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131.

Louisiana has chosen a system of fact pleading. La. C.C.P. art. 854 cmt. (a); *Montalvo* at p. 6, 637 So.2d at 131. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. *Kizer v. Lilly*, 471 So.2d 716, 719 (La.1985). However, the mere conclusions of the plaintiff unsupported by facts does not set forth a cause of action. *Montalvo* at p. 6, 637 So.2d at 131.

The burden of demonstrating that the petition states no cause of action is upon the mover. *City of New Orleans v. Board of Com'rs of Orleans Levee Dist.*, 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. *Fink v. Bryant*, 01-0987, p. 4 (La.11/28/01), 801 So.2d 346, 349; *City of New Orleans* at p. 28, 640 So.2d at 253. The pertinent question is whether, in the light most favorable to plaintiff and with every doubt resolved in plaintiff's behalf, the petition states any valid cause of action for relief. *City of New Orleans* at p. 29, 640 So.2d at 253.

### Did the trial court err in sustaining Mr. Regan's Exception of No Cause of Action?

Plaintiffs contend that Mr. Regan was acting "in his owner capacity when he began to attempt to acquire property that was the subject of a lease." Referring to their second supplemental and amended petition wherein they alleged that "Mr. Regan omitted in his Petition for Sequestration that he was aware of Mr. Savoie having the rights to the use of the two subject vehicles and as presented to the Court

appeared that the relief requested was warranted," Plaintiffs argue that they have sufficiently alleged that Mr. Regan is liable to them for having made misrepresentations to the court and for committing ill practices. Plaintiffs submit that "[n]o corporate veil should cloister an attorney from personal responsibility" for engaging in such ill practices.

Mr. Regan counters that he was acting in a representative capacity as an attorney for Cajun, a corporation, when he filed the Sequestration Suit, a fact which Plaintiffs clearly noted in their original and supplemental petitions. Mr. Regan further submits that Plaintiffs' claim, in their appellant brief, that he committed personal wrongdoing, was never presented to the trial court. To the extent that the Plaintiffs claim that he is guilty of fraud or misconduct, Mr. Regan argues that despite their having twice amended their petition, Plaintiffs failed to state with particularity any specific factual basis for such claim.[5]

Applying the principles enunciated in *Wright* to the petitions filed in this case, we conclude that Plaintiffs failed to state a cause of action against Mr. Regan personally. Although it was not necessary for Plaintiffs to plead the theory of their case against Mr. Regan, their petitions needed to set forth the material facts upon which their cause of action against him were based. Instead of alleging any such facts, Plaintiffs' petitions simply made unsubstantiated conclusions that Mr. Regan had somehow acted improperly and misled the court when he filed the Sequestration Suit.

In their original petition, Plaintiffs alleged that they had the right to use the Mac and Peterbuilt trucks, and they claimed that Mr. Regan acted improperly in filing

---

[5]Louisiana Code of Civil Procedure Article 856 provides, in part, that "[i]n pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity."

the Sequestration Suit against them to regain possession of the trucks. It is clear to this court that Mr. Regan filed the Sequestration Suit in his representative capacity as attorney for Cajun. Plaintiffs alleged that Mr. Regan misled the court by omitting in the Sequestration Suit his knowledge that Plaintiffs had the right to use the two trucks pursuant to the Bill of Sale attached to their petition. On the other hand, Cajun attached to the Sequestration Suit two title certificates that showed that it was the registered owner of the two trucks. Nowhere in any of their petitions do Plaintiffs explain how Mr. Guillory or Rolloff acquired the right to lend them the two trucks owned by Cajun. If the Plaintiffs had any such explanation, they should have provided it in response to the Sequestration Suit and/or they should have provided it to the trial court in this matter in response to Mr. Regan's exception of no cause of action. They failed to do so. The trial court did not err in sustaining Mr. Regan's exception of no cause of action.

***Did the trial court err in failing to allow Plaintiffs leave to amend their petition?***

Citing La.Code Civ.P. art. 934,[6] Plaintiffs allege that even if the trial court did not err in sustaining Mr. Regan's exception of no cause of action, they should have been afforded the opportunity to amend their petition to correct any deficiencies.

A trial court is vested with discretion when deciding whether to allow amendment of the petition after it sustains a peremptory exception and it is not required to allow such amendment when to do so would be a vain and useless act.

---

[6]Louisiana Code of Civil Procedure Article 934 provides as follows:

> When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

7

*Broussard v. F.A. Richard & Assocs., Inc.*, 99-10 (La.App. 3 Cir. 5/5/99), 740 So.2d 156, *writ denied*, 99-1048 (La. 6/4/99), 744 So.2d 625 (trial court did not abuse its discretion in not allowing plaintiff to amend her petition after it sustained defendant's exception of no cause of action where plaintiff had already filed three supplemental and amending petitions in response to defendant's exception). "[Louisiana Code of Civil Procedure] Article 934 does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. The right to amend one's petition is qualified by the restriction that the objections to the petition be curable." *Id.* at 160 (citation omitted).

Counsel for Plaintiffs did not appear at the hearing on Mr. Regan's exception of no cause of action. Instead, according to the transcript from the April 19, 2010 hearing, he apparently faxed a letter to the trial court stating that he was willing to submit the matter on briefs.[7] In addition, Plaintiffs have already twice amended their petition and have yet to state a valid cause of action against Mr. Regan in his personal capacity. Given the circumstances, we cannot say that the trial court abused its discretion in dismissing Plaintiffs' suit against Mr. Regan without allowing Plaintiffs the opportunity to again amend their petition.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed in its entirety. All costs of this appeal are assessed to Plaintiffs, James Ronald Savoie and Sandra Savoie.

**AFFIRMED.**

---

[7]No such letter appears in the record on appeal. However, the transcript indicates that the trial court did receive the letter after the trial judge's law clerk tried to contact Plaintiffs' attorney when the matter was called for hearing and he was not present.