STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 0148

STANLEY R. PALOWSKY, III

VERSUS

W. BRANDON CORK, ANTHONY WHITE, OHC SERVICES, L.L.C. AND
ALTERNATIVE ENVIRONMENTAL SOLUTIONS, INC.

**Judgment Rendered:** MAY 2 0 2020

\* \* \* \* \* \*

Appealed from the
Fourth Judicial District Court
In and for the Parish of Ouachita
State of Louisiana
Suit Number 2013-2059

Honorable Dee Hawthorne, Presiding

\* \* \* \* \* \*

Sedric E. Banks
Monroe, LA

and

Joseph R. Ward, Jr.
Covington, LA

R. Keith Jarrett
Tiffany D. Davis
Randy J. Marse, Jr.
New Orleans, LA

Counsel for Plaintiff/Appellant
Stanley R. Palowsky, III

and

Plaintiff/Appellant
Alternative Environmental Solutions,
Inc.

Counsel for Defendant/Appellee
Anadarko Petroleum Corporation

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana
Supreme Court.

**GUIDRY, J.**

Plaintiffs, Stanley R. Palowsky, III and Alternative Environmental Solutions, Inc. (AESI), appeal from a trial court judgment sustaining defendant's, Anadarko Petroleum Corporation (Anadarko), peremptory exception raising the objection of no cause of action, denying plaintiffs' motion for leave of court to file a fourth supplemental and amending petition for damages, and dismissing plaintiffs' claims against Anadarko with prejudice. For the reasons that follow, we affirm in part and reverse in part.

## FACTS AND PROCEDURAL HISTORY

Palowsky and W. Brandon Cork were each members and fifty percent owners of AESI, which provides environmental consulting services with an emphasis in industrial applications. AESI began providing environmental services to Anadarko and worked on a project called the "Carpenter project." In furtherance of its work on this project, AESI entered into a master service agreement with OHC Services (OHC) to provide equipment and other services. OHC thereafter subcontracted with TP Environmental & Pipeline Services, L.L.C. (TP Environmental). OHC and TP Environmental were engaged in environmental remediation services, i.e., soil shredding, on the Carpenter project.

In 2012, Palowsky discovered an invoice showing that OHC had excessively marked up its invoice for services rendered by overstating the shredding rate. The invoice had been given to AESI, who in turn gave the invoice to Anadarko. Palowsky thereafter filed a shareholder's derivative action on behalf of AESI, naming Cork, OHC, and OHC's agent and managing member, Anthony White, as defendants. Palowsky subsequently filed a second supplemental and amending petition on April 25, 2014, naming TP Environmental and Michael L. Holder, TP Environmental's officer, agent and/or employee. Palowsky asserted that Cork, Holder, and White had developed a scheme to skim money from payments made

2

by AESI to OHC. The purported scheme involved TP Environmental overcharging for services performed on the Carpenter project. The overcharges were then incorporated into the invoices submitted by OHC to AESI. When AESI remitted payment to OHC, OHC remitted a portion of the sum back to TP Environmental. The allegedly skimmed money, totaling over one million dollars, was then placed into one or more accounts owned and controlled by White and/or Holder. The funds were then used to fund the purchase of equipment for a new unincorporated enterprise owned and controlled by Holder, White, and Cork.

Thereafter, on February 14, 2017, Palowsky filed a third supplemental and amending petition, naming as defendants Anadarko and its employee, Dana Howard. Palowsky alleged that after discovering the scheme to overbill, he contacted Howard to discuss billing issues on the Carpenter project. Palowsky alleged that Howard was involved with the other defendants in developing the scheme to skim money and aided and abetted defendants in continuing their wrongful acts against Palowsky and AESI. Particularly, Palowsky alleged that Howard made it possible for defendants to overbill AESI and Anadarko for work performed by dictating the shredding rate to be used to generate the projected budget estimate that Anadarko used to establish financial reserves for the project. Palowsky alleged that Howard knew by authorizing the shredding rate, Cork, White, and Holder would receive a windfall that would enrich them. Further, Palowsky alleged that Howard went against Anadarko policy when she did not obtain a work order for the project, which allowed defendants to overbill freely without constraints of a contract. Palowsky asserted that as a result of defendants' actions, AESI lost all business opportunities with Anadarko. Accordingly, Palowsky asserted claims against Howard for conspiracy to commit fraud, racketeering, and aiding and abetting. With respect to Anadarko, Palowsky

asserted that because Howard was acting in the course and scope of her employment with Anadarko, it was vicariously liable for her actions.

In response, on March 29, 2018, Anadarko filed a peremptory exception raising the objection of no cause of action, asserting that Anadarko cannot be held liable under a respondeat superior theory on the facts alleged. Anadarko asserted that the facts, as alleged, demonstrate that Howard was acting outside the course and scope of her employment. Specifically, Anadarko asserted that actions of an employee to defraud her employer fall outside of the employer/employee relationship and are not within the course and scope of employment. Accordingly, because the only cause of action asserted against Anadarko was vicarious liability, Anadarko asserted that Palowsky failed to state of cause of action.

On April 4, 2018, Palowsky and AESI filed a motion for leave of court to file a fourth supplemental and amending petition. Plaintiffs alleged that he had discovered information revealing Anadarko's true motive for retaliating against Palowsky after reporting the overbilling issues. Plaintiffs asserted that Anadarko had engaged in a pattern of under-reporting its environmental liabilities to maintain its stock prices with the help of consultants, who were willing to underestimate remediation costs in exchange for Anadarko turning a blind eye to and/or actively concealing the consultant's overcharging for the remediation work and/or skimming money from payments and/or taking kickbacks. Plaintiffs alleged that in addition to Howard, other employees of Anadarko aided and abetted defendants, making it possible for them to overbill Anadarko. Plaintiffs asserted that because he was not willing to go along with the overbilling scheme and was close to uncovering Anadarko's scheme to reduce its reported liabilities to artificially inflate its stock prices, Anadarko removed AESI and Palowsky from all work it had with Anadarko as well as put them on "inactive" status as a contractor.

Anadarko opposed the filing of the fourth supplemental and amending

4

petition, asserting that it failed to state a valid cause of action against Anadarko and therefore, allowing the amendment would be futile. Following a hearing on Anadarko's peremptory exception and plaintiffs' motion for leave to amend, the trial court signed a judgment sustaining Anadarko's exception raising the objection of no cause of action, denying plaintiffs' motion for leave to file fourth supplemental and amending petition, and dismissing all of plaintiffs' claims against Anadarko with prejudice. Palowsky and AESI now appeal from the trial court's judgment.

## DISCUSSION

### No Cause of Action

The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of a pleading by determining whether the law affords a remedy on the facts alleged in the pleading. Fink v. Bryant, 01-0987, p. 3 (La. 11/28/01), 801 So. 2d 346, 348-49. The exception is triable on the face of the pleading, and for the purpose of determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Carr v. Sanderson Farm, Inc., 15-0953, p. 4 (La. App. 1st Cir. 2/17/16), 189 So. 3d 450, 454.

In ruling on a peremptory exception raising the objection of no cause of action, the court must determine whether the law affords any relief to the claimant if the factual allegations in the pleading were proven at trial. Frigon v. Universal Pictures, Inc., 17-0993, p. 6 (La. App. 1st Cir. 6/21/18), 255 So. 3d 591, 596, writ denied, 18-1868 (La. 1/18/19), 262 So. 3d 896. A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim. Fink, 01-0987 at p. 4, 801 So. 2d at 349. Any doubts are resolved in favor of the sufficiency of the petition. Van Hoose v. Gravois, 11-0976, p. 6 (La. App. 1st Cir. 7/7/11), 70 So. 3d 1017, 1021.

Louisiana has chosen a system of fact pleading. Therefore, it is not necessary for a plaintiff to plead the theory of his case in the petition. However, the mere conclusions of plaintiff unsupported by facts do not set forth a cause of action. Ramey v. DeCaire, 03-1299, p. 7 (La. 3/19/04), 869 So. 2d 114, 118.

The burden of demonstrating that the petition states no cause of action is on the mover. Ramey, 03-1229 at p. 7, 869 So. 2d at 119. In reviewing the trial court's ruling sustaining an exception raising the objection of no cause of action, appellate courts conduct a *de novo* review, because the exception raises a question of law, and the trial court's decision is based solely on the sufficiency of the petition. Lay v. Rachel-Major, 99-0476, p. 5 (La. App. 1st Cir. 5/12/00), 761 So. 2d 723, 726.

In the instant case, plaintiffs' third supplemental and amending petition asserts that Anadarko is vicariously liable to plaintiffs for the actions of its employee, Howard.

An employer is liable for the torts committed by his employee if, at the time, the employee was acting within the course and scope of his employment. Baumeister v. Plunkett, 95-2270, p. 3 (La. 5/21/96), 673 So. 2d 994, 996. The two terms are not synonymous. The course of employment test refers to the time and place. The scope of employment test examines the employment-related risk of injury. Benoit v. Capitol Manufacturing Company, 617 So. 2d 477, 479.

In order for an employer to be vicariously liable for the tortious acts of its employees, the employee's tortious conduct must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interest. Richard v. Hall, 03-1488, p. e (La. 4/23/04), 874 So. 2d 131, 138; Ellender v. Neff Rental, Inc., 06-2005, p. 5 (La. App. 1st Cir. 6/15/07), 965 So. 2d 898, 901.

6

In an analysis of vicarious liability for an employee's tortious acts, the court must consider more than simply whether the employee was in the course and scope of employment at the time of the incident. An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. Baumeister, 95-2270 at pp. 3-4, 673 So. 2d at 996; Honor v. Tangipahoa Parish School Board, 13-0298, p. 7 (La. App. 1st Cir. 11/1/13), 136 So. 3d 31, 36, writ denied, 14-0008 (La. 2/28/14), 134 So. 3d 1181.

In determining whether vicarious liability applies, courts consider the following factors:

1. Whether the tortious act was primarily employment rooted;[2]
2. Whether the act was reasonably incidental to the performance of the employee's duties;
3. Whether the act occurred on the employer's premises; and
4. Whether the act occurred during the hours of employment.

Baumeister, 95-2270 at p. 4, 673 So. 2d at 996-997; see also LeBrane v. Lewis, 292 So. 2d 216, 218 (La. 1974). However, this does not mean that all four factors must be met before liability may be found. The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. Varnado v. Department of Employment and Training, 95-0787 (La. App. 1st Cir. 6/28/96), 687 So. 2d 1013, 1041, writ denied, 97-0312 (La. 3/27/97), 692 So. 2d 394.

As detailed above, plaintiffs asserted in their third supplemental and amending petition that defendants participated in an overbilling scheme, which scheme caused a loss of business opportunities and loss of reputation to AESI. With regard to Howard, plaintiffs asserted that Cork, Howard, Holder, and White

---

[2] To be primarily employment-rooted, courts look to the degree to which the tortious act was prompted by an employee's purely personal considerations as opposed to an employee's duties and the employer's interest. Menson v. Taylor, 02-1457, p. 6 (La. App. 1st Cir. 6/27/03), 849 So. 2d 836, 841.

developed a scheme to skim money from payments made by AESI to OHC. TP Environmental overcharged for services on the Carpenter project, the overcharges were incorporated into invoices submitted by OHC to AESI, and when AESI remitted payment from Anadarko to OHC, OHC remitted a portion of the sum back to TP Environmental. The skimmed money was placed into one or more accounts owned and controlled by White and/or Holder and the funds were used to purchase equipment for a new unincorporated enterprise owned and controlled by Holder, White, and Cork.

Plaintiffs asserted that this fraudulent scheme was undertaken with the aid and assistance of Anadarko through its employee, Howard, and that said scheme would not have operated without her cooperation and assistance. Specifically, plaintiffs asserted that Howard introduced TP Environmental to Cork and White and instructed them to use TP Environmental on the Carpenter project. Plaintiffs averred that Howard made it possible for defendants to overbill AESI and Anadarko for work performed by dictating that a shredding rate of $31.50 per cubic yard be used to generate the projected budget estimate that Anadarko used to establish financial reserves for the project. Plaintiffs asserted that by authorizing the shredding rate, Howard was aware that Cork, White, and Holder would receive a significant windfall, and that said windfall was ultimately used to enrich these defendants. Additionally, Plaintiffs asserted that Howard went against Anadarko policy when she did not obtain a work order for the project, which allowed Cork, White, and Holder to bill freely without the constraints of a contract.

From our review of the factual allegations contained in plaintiffs' third supplemental and amending petition, we find that plaintiffs have failed to plead facts sufficient to set forth a cause of action for vicarious liability against Anadarko. The facts set forth in the third supplemental and amending petition, which are accepted as true for purposes of our consideration of the exception

8

raising the objection of no cause of action, establish that Howard conspired with the other defendants to defraud her employer, Anadarko, out of approximately one million dollars by virtue of an overbilling scheme. While the facts allege that Howard used her job duties to facilitate this fraud, they fail to allege where these acts occurred or how such fraudulent activity and theft from Anadarko was in furtherance of Anadarko's objectives or in Anadarko's interest.[3] See Barto v. Franchise Enterprises, Inc., 588 So. 2d 1353 (La. App. 2nd Cir. 1991), writ denied, 591 So. 2d 708 (La. 1992) (employee's act of stealing money and assaulting his supervisor found to be clearly beyond the course and scope of his employment); see also Bessie v. K-Mart Apparel Fashions Corp., 472 So. 2d 251, 255 (finding employee who participated in a scheme to steal goods from her employer was not within the course and scope of her employment). Rather, the third supplemental and amending petition specifically states that this fraudulent billing activity resulted in a windfall to defendants Cork, White, and Holder, and that this windfall was used to enrich *them*. Furthermore, the facts specifically state that Howard went against Anadarko policy.

Therefore, based on our *de novo* review, we find that the facts as alleged fail to set forth a cause of action for vicarious liability against Anadarko, and we find no error in the trial court's judgment sustaining Anadarko's exception raising the objection of no cause of action.[4]

---

[3] Plaintiffs direct this court's attention to jurisprudence setting forth a more relaxed standard for course and scope of employment for supervisors and executive level employees. However, plaintiffs' third supplemental and amending petition simply states that Howard is an employee of Anadarko, and fails to allege that she is a supervisor or executive level employee. Accordingly, we find this jurisprudence inapplicable to facts before us.

[4] Plaintiffs assert in brief to this court that the third supplemental and amending petition also sets forth a cause of action for direct liability against Anadarko. However, while the plaintiffs rely on a few conclusory allegations against Anadarko, i.e., that Anadarko has been working with Cork to intentionally destroy AESI, these conclusory allegations are insufficient to set forth facts establishing a direct cause of action against Anadarko. Therefore, we find this argument to be without merit.

## Opportunity to Amend Petition/Motion to file Amended Petition

In the instant case, the trial court considered whether to allow plaintiffs an opportunity to amend their petition to correct the defects in their third supplemental and amending petition in conjunction with plaintiffs' motion to file a fourth supplemental and amending petition.

Louisiana Code of Civil Procedure article 934 provides that if the grounds of the objection raised through a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed. La. C.C.P. art. 934.

The right to amend a petition following the sustaining of a peremptory exception is not absolute. White v. New Orleans Center for the Creative Arts, 19-0213, 19-0214, p. 19 (La. App. 4th Cir. 9/25/19), 281 So. 3d 813, 826. Amendment is not permitted when it would constitute a vain and useless act. Premier Games, Inc. v. State, through Honorable Richard Ieyoub, 99-1297, p. 7 (La. App. 1st Cir. 6/7/99), 739 So. 2d 852, 855, writs denied sub nom. Premier Games, Inc. through Goudeau v. State, through Ieyoub, 99-1710 (La. 6/14/99), 745 So. 2d 15 and 99-1679 (La. 6/12/99), 745 So. 2d 604, cert denied sub nom. Premier Games, Inc. v. Louisiana, 120 S.Ct. 617, 528 U.S. 1062, 145 L. Ed. 2d 512 (1999). Louisiana Code of Civil Procedure article 934 does not require that the plaintiff be provided the opportunity to speculate on unwarranted facts merely for the purpose of defeating the exception. The right to amend one's petition is qualified by the restriction that the objections to the petition be curable. Savoie v. Charles, 10-1008, p. 8 (La. App. 3rd Cir. 2/2/11), 55 So. 3d 1029, 1035, writ denied, 11-0461 (La. 4/25/11), 62 So. 3d 87. The decision to allow amendment of a pleading to cure the grounds for a peremptory exception is within the discretion of the trial

court. Pearl River Basin Land and Development Company, L.L.C. v. State, through the Governor's Office of Homeland Security and Emergency Preparedness, 09-0084, p. 7 (La. App. 1st Cir. 10/27/09), 29 So. 3d 589, 594.

With regard to amendment of pleadings generally, a plaintiff may amend a petition after a defendant has answered only by leave of court or written consent of the adverse party. La. C.C.P. art. 1151. Amendment of pleadings should be liberally allowed provided that the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial on the issues will not be unduly delayed. Joseph v. Our Lady of the Lake Regional Medical Center, 14-0181, p. 7 (La. App. 1st Cir. 10/16/14), 156 So. 3d 210, 215. The decision as to whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice. Joseph, 14-0181 at p. 8, 156 So. 3d at 215.

At the trial of the peremptory exception and motion for leave to file a fourth supplemental and amending petition, plaintiffs stated that they would like to have an opportunity to file an amended petition to address the defects found by the trial court in the third supplemental and amending petition, as the fourth supplemental and amending petition that they sought to file was not drafted in response to Anadarko's peremptory exception, but rather was filed as a result of continuing discovery. The trial court, however, expressed concern as to whether the plaintiffs would be able to assert facts so as to state a cause of action against Anadarko for vicarious liability, i.e., assert a benefit to the employer for acts of theft against that employer. The trial court was also concerned that the case had been ongoing for five years, that there had been extensive discovery, and that none of the facts in the case were new. Additionally, the trial court had concerns with plaintiffs' motion to file a fourth supplemental and amending petition, which attempted to assert

additional causes of action against Anadarko. The trial court again noted that plaintiffs' case had been ongoing for five years, that there had been abuse of discovery by plaintiffs, that plaintiffs appeared to be inventing things as they went along, and that adding additional allegations would cause a huge delay. Accordingly, the trial court denied plaintiffs an opportunity to amend their petition in accordance with La. C.C.P. art. 934 and denied plaintiffs' motion to file a fourth supplemental and amending petition.

From our review of the record, we find no abuse of discretion in the trial court's judgment denying plaintiffs' motion to file fourth supplemental and amending petition. The fourth supplemental and amending petition attempts to assert additional causes of action against Anadarko, necessitating additional discovery, which according to the record has already been burdensome and abusive, and according to the trial court, would result in a delay in the trial of the other issues in the case.

However, we find that the trial court did abuse its discretion in failing to afford the plaintiffs an opportunity to amend their third supplemental and amending petition in accordance with La. C.C.P. art. 934. In arguing the exception at the trial of this matter, counsel for Anadarko stated that plaintiffs failed to allege a benefit to Anadarko through Howard's conduct, that this is a key, necessary, critical, and required fact that has not been plead, and that the failure to plead such facts is fatal to plaintiffs' cause of action. Plaintiffs stated that at the time they filed the third supplemental and amending petition, they did not know why Howard was doing what she did. However, plaintiffs subsequently discovered that Howard's actions were in Anadarko's interest and discovered how Howard's actions benefited Anadarko. Plaintiffs noted that some of these facts are set forth in plaintiffs' fourth supplemental and amending petition.

Accordingly, because the trial court and Anadarko acknowledge that facts demonstrating how Howard's actions were in Anadarko's interest or benefitted Anadarko are essential to state a cause of action for vicarious liability against Anadarko, and plaintiffs assert that they have subsequently discovered said facts, we find that the trial court abused its discretion in failing to give plaintiffs an opportunity to amend their third supplemental and amending petition in an attempt to cure the ground of the exception of no cause of action.[5]

## CONCLUSION

For the foregoing reasons, we affirm the portions of the trial court's judgment sustaining Anadarko's exception raising the objection of no cause of action and denying plaintiffs' motion for leave of court to file a fourth supplemental and amending petition. However, we reverse that portion of the trial court's judgment dismissing plaintiffs' claims against Anadarko and remand this matter to the trial court to allow plaintiffs an opportunity to amend their petition to state a cause of action for vicarious liability against Anadarko and for further proceedings consistent with this opinion. All costs of this appeal are assessed to Anadarko Petroleum Corporation.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

---

[5] We specifically note, however, that amendment of a petition to allege an entirely new cause of action is not an amplification or clarification of the allegations of the original petition but is a change of substance, which is not the kind of amendment contemplated by La. C.C.P. art. 934. See Gates v. Hanover Insurance Company, 218 So. 2d 648, 653.

13